

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

LUKE A. CONNELLY
Partner
(212) 294-6882
lconnelly@winston.com

August 11, 2014

**VIA ECF**

Hon. Margo K. Brodie, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

     Re: *Stoltz et al. v. FAGE Dairy Processing, S.A., FAGE USA Dairy Industry,*
       *Inc., and FAGE USA Holdings, Inc.*, Case No. 14-cv-3826 (MKB)

Dear Judge Brodie:

  We write on behalf of Defendants FAGE Dairy Processing, S.A., FAGE USA Dairy Industry, Inc., and FAGE USA Holdings, Inc. (collectively "FAGE") pursuant to Rule 3(A) of Your Honor's Individual Practices and Rules to request a pre-motion conference on FAGE's proposed motion to dismiss the class action complaint brought by Barry Stoltz and Allan Chang et al. (collectively "Plaintiffs"). Indeed, because the claims set forth in Plaintiffs' Complaint so clearly fail as a matter of law, FAGE respectfully requests that the Court set a briefing schedule without a pre-motion conference.

  Plaintiffs bring this class action lawsuit because they allege that consumers of FAGE Total 0% Greek strained yogurt products are somehow misled into believing that "Total 0%" implies not only that the product is fat free (which it is), but also free of calories, sugar, and carbohydrates. Plaintiffs purport to bring claims under New York General Business Law § 349 (Counts I and II) as well as claims under all fifty states and the District of Columbia for negligent misrepresentation (Count III), breach of express warranty (Count IV), and unjust enrichment (Count V). FAGE expressly reserves the right to assert additional arguments, and the arguments below are merely illustrative of the many independent grounds upon which Plaintiffs' Complaint is flawed and should be dismissed.

  *First*, claims under GBL § 349 are only viable if a "reasonable consumer acting reasonably" would be misled about the representations made on the products at issue. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). This Court can make this determination "as a matter of law" in a motion to dismiss. *Fink*, 714 F.3d at 741. Abandoning common sense, Plaintiffs allege that "Total 0%" misleads consumers into believing that the product has no calories, sugar, or carbohydrates, even though (1) the word "nonfat" appears very close to "Total 0%" on the label, and (2) information about the total fat, calories, sugar, and



August 11, 2014
Page 2

carbohydrates plainly appear in the nutrition facts – mere *centimeters* from where "FAGE Total 0%" is displayed. Further, "0%" is a common reference on all kinds of dairy products (i.e., nonfat milk), and in the context of the marketplace, "FAGE Total 2%" is located next to "FAGE Total 0%" – yet another obvious indication that "Total 0%" could only refer to the nonfat nature of the product. So, in essence, this case is about whether a "reasonable consumer" is capable of reading the plain English on a container of FAGE Total 0% Greek strained yogurt and comprehending simple realities of how dairy products are advertised. If this Court finds that a reasonable consumer is so capable, this case must be dismissed as a matter of law.

Throughout the United States, including within the Second Circuit, where all of the information necessary to understand a company's claim about a product is fully disclosed, courts have consistently found – as a matter of law – that no reasonable consumer could be misled and dismissal is warranted. One such example is *Kuenzig v. Kraft Foods, Inc.*, No. 8:11-CV-838-T-24 TGW, 2011 WL 4031141 (M.D. Fla. Sept. 12, 2011), where the court granted a motion to dismiss on the plaintiff's claim that the location of the fat free claims on Kraft food labels misleadingly suggested that the fat free percentage applied to the product's calories. *Id.* at *8. The court reasoned that "the number of calories that come from fat is clearly disclosed in the nutrition panel on Kraft's labels, [so] the Court finds that as a matter of law, Kraft's labeling is not misleading regarding the number of calories that come from fat in its products." *Id.* at *9. Here, in line with this authority, Plaintiffs cannot proceed into costly discovery where a "reasonable consumer acting reasonably" can read the plain language on the label and nutrition facts to fully understand the unambiguous statements made on the FAGE Total 0% container.

Worse still, Plaintiffs advance these claims while failing to allege anywhere in the Complaint that they were personally misled or deceived by the FAGE advertising described in the Complaint when they purchased FAGE Total Greek strained yogurt. This renders legally invalid any purported causation for Plaintiffs' claim under GBL § 349. Nor do Plaintiffs sufficiently allege injury under GBL § 349 because New York law has expressly rejected damages theories under GBL § 349 based upon "out of pocket" harm. *Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 676 (S.D.N.Y. 2012). And Plaintiffs' alternative theory that they paid a "premium price" should be rejected as implausible because it compares the price of FAGE Total Greek strained yogurt to the prices of completely different kinds of traditional, soupy yogurt.

*Second*, as explained above, there was no "misrepresentation" by FAGE as a matter of law, so Plaintiffs' negligent misrepresentation claim (Count III) cannot withstand a motion to dismiss. In addition, Plaintiffs have failed to allege reliance on FAGE's advertising as a reason for their purchase of FAGE Total 0% yogurt, *Savage v. Beiersdorf Inc.*, No. 13-CV-0696 (DLI), 2013 WL 5532756, at *3 (E.D.N.Y. Sept. 30, 2013), nor is there a special relationship beyond an arms-length commercial relationship between FAGE and Plaintiffs, both of which are required to state a claim under New York law. And separately, the economic loss doctrine bars Plaintiffs' negligent misrepresentation claim because "where plaintiffs allege primarily economic loss as an injury in a tort claim, the usual means of redress is an action for breach of contract; a tort action for economic loss will not lie." *BNP Paribas Mortg. Corp v. Bank of America, N.A.*, 949 F. Supp. 2d 486, 505 (S.D.N.Y. 2013).



August 11, 2014
Page 3

*Third*, Plaintiffs have improperly attempted to shoehorn their outlandish allegations into a breach of express warranty claim (Count IV), which is evident because their claim ignores entirely many required elements for such a claim. Plaintiffs' breach of express warranty claim fails, for example, because: (a) Plaintiffs, again, did not rely on "Total 0%" in purchasing FAGE Total 0% products; (b) FAGE made no affirmation of fact that was false or misleading, as explained above; (c) there is no privity between Plaintiffs and FAGE; and (d) Plaintiffs failed to notify FAGE of the breach.

*Fourth*, Plaintiffs' unjust enrichment claim (Count V) is duplicative and therefore must be dismissed. New York law bars Plaintiffs from asserting an unjust enrichment claim given their other purported contract and tort claims. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).

*Fifth*, Plaintiffs have failed to state cognizable claims against FAGE USA Holdings, Inc. and FAGE Dairy Processing, S.A., which are improper parties. FAGE USA Holdings, Inc. is a holding company for the stock of the FAGE U.S. subsidiaries, and FAGE Dairy Processing, S.A. does not exist. The Complaint also refers to these two entities along with FAGE USA Dairy Industry, Inc. collectively by improperly using "group pleading." *See, e.g., Zalewski v. T.P. Builders, Inc.,* No. 1:10–CV–876 GLS/RFT, 2011 WL 3328549, at *5 (N.D.N.Y. Aug. 2, 2011).

*Finally*, Plaintiffs cannot bring claims of negligent misrepresentation, breach of express warranty, and unjust enrichment under the laws of all fifty states and the District of Columbia. Plaintiffs have not alleged that they have any connection to any states besides New York, and thus cannot pursue claims under the laws of those states. *In re HSBC Bank, USA, N.A. Debit Card Overdraft Fee Litigation*, --- F. Supp. 2d ----, 2014 WL 868827, at *11-12 (E.D.N.Y. Mar. 5, 2014).

For these reasons, among others, FAGE respectfully requests that the Court convene a pre-motion conference to schedule briefing on FAGE's proposed motion, or alternatively, set a briefing schedule on FAGE's motion to dismiss without a pre-motion conference pursuant to Rule 3(A).

Sincerely,

/s/ Luke A. Connelly
Luke A. Connelly

cc: All counsel of record