# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY STOLTZ, ALLAN CHANG, ROSALIE MAYES, REBECCA STARR, TERESA M. COHEN, KENNETH LEIBOWITZ, GILBERT MENDEZ, SHARON MANIER, ANDREA NEAL, BRITTANEE JACKSON, JAMES MANIER, JOHN DOE (GEORGIA), and JANE DOE (TEXAS), on behalf of themselves and all others similarly situated, | Case No. 14-cv-3826 (MKB)<br><br>ECF Case |
| Plaintiffs, | |
| v. | |
| FAGE DAIRY PROCESSING INDUSTRY, S.A., FAGE USA DAIRY INDUSTRY, INC., and FAGE USA HOLDINGS, INC., | |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

Attorneys for Defendants

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

    I.      PLAINTIFFS' CONSUMER FRAUD AND DECEPTIVE TRADE
           PRACTICES CLAIMS FAIL. ................................................................. 3

          A.     Plaintiffs' Novella Sidesteps the Controlling Authority. ............................ 3

          B.     Plaintiffs Cannot Avoid Dismissal Under Rule 12(b)(6) by Relying
                on Lawyer Arguments That Have No Factual Basis in the FAC at
                Issue. ........................................................................................................ 5

          C.     Damages Are Improperly Alleged and Implausible. ................................. 6

          D.     Causation Is Totally Lacking. .................................................................... 7

    II.     PLAINTIFFS' NEGLIGENT MISREPRESENTATION CLAIM FAILS. ........... 7

    III.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE
           DISMISSED. ........................................................................................... 8

    IV.    PLAINTIFFS' CLAIMS PURPORTEDLY ARISING UNDER THE
           LAWS OF ALL 50 STATES AND THE DISTRICT OF COLUMBIA
           ARE UNSUPPORTABLE. ........................................................................ 9

    V.     NO COGNIZABLE CLAIMS EXIST AGAINST FAGE HOLDINGS OR
           FAGE GREECE .......................................................................................... 9

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ackerman v. Coca-Cola*,
No. CV-09-0395 (JG) (RML), 2010 WL 2925955 (E.D.N.Y. July 21, 2010) ........................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................4, 5, 7

*Central States S.E. & S.W. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
433 F.3d 181 (2d Cir. 2005)..............................................................................................1

*Cherny v. Emigrant Bank*,
604 F. Supp. 2d 605 (S.D.N.Y. 2009)...............................................................................8

*Clapper v. Amnesty Int'l USA*,
133 S. Ct. 1138 (2013)......................................................................................................1

*Corsello v. Verizon N.Y., Inc.*,
967 N.E.2d 1177 (N.Y. 2012)...........................................................................................8

*Cruz v. TD Bank, N.A.*,
855 F. Supp. 2d 157 (S.D.N.Y. 2012)...............................................................................8

*Dickerson v. Feldman*,
426 F. Supp. 2d 130 (S.D.N.Y. 2006)...............................................................................1

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
387 F. Supp. 2d 265 (S.D.N.Y. 2004)...............................................................................7

*Fink v. Time Warner Cable*,
714 F.3d 739 (2d Cir. 2013)......................................................................................2, 3, 7

*Friedl v. City of New York*,
210 F.3d 79 (2d Cir. 2000)................................................................................................5

*In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.*,
701 F. Supp. 2d 356 (E.D.N.Y. 2010) ..............................................................................9

*Kimmell v. Schaefer*,
675 N.E.2d 450 (N.Y. 1996)..............................................................................................7

*Krys v. Pigott*,
    749 F.3d 117 (2d Cir. 2014)................................................................5, 6

*Logan v. SecTek, Inc.*,
    632 F. Supp. 2d 179 (D. Conn. 2009) ...............................................5

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
    265 F.R.D. 106 (S.D.N.Y. 2010) .....................................................6

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
    244 F.R.D. 204 (S.D.N.Y. 2007) .....................................................8

*Niagara Mohawk Power Corp. v. Freed*,
    696 N.Y.S.2d 600 (4th Dep't 1999)...................................................8

*Pelman v. McDonalds Corp.*,
    396 F.3d 508 (2d Cir. 2005)...........................................................4, 5

*Pramer v. Abaplus Int'l Corp.*,
    907 N.Y.S. 2d 154 (1st Dep't 2010) ...............................................8

*Sheridan v. Trustees of Columbia Univ.*,
    745 N.Y.S.2d 18 (N.Y. App. Div. 2002) ..........................................7

*St. John's Univ., New York v. Bolton*,
    757 F. Supp. 2d 144 (E.D.N.Y. 2010) ..............................................8

*Vicuña v. Alexia Foods, Inc.*,
    No. C 11-6119 PJH, 2012 WL 1497507 (N.D. Cal. Apr. 27, 2012)..........................4

*W.R. Huff Mgmt. Co. LCC v. Deloitte & Touche LLP*,
    549 F.3d 100 (2d Cir. 2008)...........................................................1, 5

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) ...........................................................3

*Wilson v. Frito-Lay N. Am. Inc.*,
    No. 12-1586 SC, 2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) ................................4

*Winzler v. Toyota Motor Sales U.S.A., Inc.*,
    681 F.3d 1208 (10th Cir. 2012) ......................................................3

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998)...........................................................6

*Yumal v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1117 (C.D. Cal. May 24, 2010) ...............................................4

**STATUTES**

28 U.S.C. § 1927.................................................................................................................10

N.Y. Gen. Bus. Law § 349...............................................................................................3, 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..............................................................................................4, 5, 10

## INTRODUCTION

Plaintiffs' response brief reflects the misguided assumption that dismissal of a defective complaint can be avoided by the creation of fictionalized consumers and claims, bombastic diatribes about corporate marketing practices, or the submission of a novella that sidesteps controlling legal authority.  But this is not a creative writing contest.  The "seventy-year old grandmother," "harried homemaker," "health conscious man with headaches," and "young co-ed fresh from yoga" are creations only of counsel's fertile imagination.  Significantly, they are not real people whose circumstances are pled anywhere in the First Amended Complaint ("FAC").  Indeed, despite the opportunity to amend their complaint after receiving Defendants' first Pre-Motion Letter, Plaintiffs did not include any of these fanciful flourishes in the FAC.

Plaintiffs' heavy reliance on fictionalized consumers with fictionalized claims serves only to underscore that the named Plaintiffs have failed to state claims upon which relief can be granted.  A named plaintiff cannot "piggyback" onto the vague assertions of unidentified (or fantasized) class members.  *See Dickerson v. Feldman*, 426 F. Supp. 2d 130, 134 (S.D.N.Y. 2006); *see also Central States S.E. & S.W. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005).

Article III standing simply cannot be "manufacture[d] . . . based on [] fears of hypothetical future harm that is certainly not impending." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151 (2013).  It is the class representatives who "must allege and show that they personally have been injured, not that injury has been suffered by other unidentified members of the class to which they belong and which they purport to represent." *W.R. Huff Mgmt. Co. LCC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 n.5 (2d Cir. 2008).

Plaintiffs' response also reflects the flawed assumption that the law requires marketing messages tailored to persons who cannot read a label's plain language.  The law, however,

requires only marketing messages that do not materially mislead reasonable consumers acting reasonably.  *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  Here, no reasonable consumer would miss the presentation of 0% in close proximity to the words "non-fat."



Here, no reasonable consumer acting reasonably would assume that FAGE yogurt is the first dairy product in the history of the world with zero calories.  A Greek yogurt product with no fat, carbohydrates, sugar, or calories is not a product that could exist under the laws of science.

Here, reasonable consumers know that: 1) the percentages customarily on display on dairy products refer to the percentage of fat content;   and 2) sugar and carbohydrates are customarily measured in grams—not percentages; and 3) calories are customarily measured numerically—and not by percentages.   Here, any truly health-conscious consumer, not fictionalized by Plaintiffs' lawyers, will reasonably rely on the nutrition label, which leaves no uncertainty that the 0% refers to fat content—and not calories.



In sum, Plaintiffs' response novella starkly reveals what we have been saying all along—this is a made-up case, with made-up consumers, and made up facts that should be dismissed. As stated in *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1211 (10th Cir. 2012), "[p]erhaps the lawyers would benefit if this would-be class action labored on through certification, summary judgment, and beyond.  But it's hard to see how anyone else could."

## ARGUMENT

## I.    Plaintiffs' Consumer Fraud and Deceptive Trade Practices Claims Fail.

### A.    Plaintiffs' Novella Sidesteps the Controlling Authority.

In its opening brief, FAGE cited authority dismissing claims like those asserted here, where no reasonable consumer could be misled.  (*See* Opening Br. at 6-14.)  Under New York law, the Court acts as the "gatekeeper" for GBL § 349 claims and decides if a "reasonable consumer" acting "reasonably" could be deceived by the statements at issue.  If not, a motion to dismiss must be granted.  *See Fink*, 714 F.3d at 741 .

Instead of meaningfully addressing this authority, Plaintiffs lead the Court on a frolic and detour through factually inapposite cases from jurisdictions outside the Second Circuit.  For example, Plaintiffs rely heavily on *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008), which involved the claim that the name of "fruit juice snacks" was misleading.  That decision, however, is inapposite because the product at issue actually contained no fruit juice.  Not surprisingly, the Court held that the ingredient list could not remedy the misleading statements on the front of the product because "reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the package." *Id.* at 939.  Here, "FAGE Total 0%" is flanked by the term "nonfat," and the non-fat quality of the product is *confirmed* by the nutritional facts.  This is not a case where FAGE has made a misrepresentation on one side of the package that is corrected on the opposite side.

3

Plaintiffs also mistakenly rely on decisions involving marketing claims that products are "All Natural."  But these decisions are inapposite because they involve instances where the product labeling disclosed ingredients that arguably are not all natural ingredients.  *See, e.g.*, *Wilson v. Frito-Lay N. Am. Inc.*, No. 12-1586 SC, 2013 WL 1320468, at *13 (N.D. Cal. Apr. 1, 2013) (claim that potato chips were "all natural" was vague as to whether the chips included exclusively natural ingredients as opposed to "some" all-natural ingredients); *Vicuña v. Alexia Foods, Inc.*, No. C 11-6119 PJH, 2012 WL 1497507, at *1-2 (N.D. Cal. Apr. 27, 2012) (same). Again, we have no quarrel with the proposition that a manufacturer cannot use an ingredients list to correct a flat-out misrepresentation on the other side of a product package.  But that is hardly the case here.

The same problem exists with Plaintiffs' heavy reliance on *Yumal v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117 (C.D. Cal. May 24, 2010), which involved the marketing of margarine as "cholesterol free" when the ingredients list disclosed artificial trans fats, *including cholesterol*. These decisions provide a poor bootstrap for Plaintiffs to avoid dismissal.

Plaintiffs also rely heavily on *Ackerman v. Coca-Cola*, No. CV-09-0395 (JG) (RML), 2010 WL 2925955 (E.D.N.Y. July 21, 2010), for their apparent proposition that product labeling claims inherently raise factual disputes that must survive Rule 12(b)(6) motions.  *Ackerman*, however, says nothing of the sort.  The *Ackerman* decision holds only that the existence of accurate facts on a nutrition label *alone* "does not eliminate the possibility that reasonable consumers may be misled."  *Id.* at *16.  We do not disagree.  Again, the nutritional label cannot "correct" flat-out misstatements elsewhere on the product, but that is not the case here.

Finally, Plaintiffs cite *Pelman v. McDonalds Corp.*, 396 F.3d 508 (2d Cir. 2005), which is also inapposite.  Without the benefit of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Second Circuit in *Pelman* reversed *only* on the issue of *causation* (i.e., the connection between eating McDonalds food and health problems). *Id.* at 511-12. The Second Circuit found that further discovery was required regarding what the plaintiffs ate, how much they exercised, and their family history of disease. *Id.* at 512.

No similar plausible facts are alleged by Plaintiffs in this case. The test under *Twombly* and *Iqbal* is not whether anything is possible. Rather, the test is whether the allegations are plausible. *See, e.g.*, *Logan v. SecTek, Inc.*, 632 F. Supp. 2d 179, 183-84 (D. Conn. 2009) (dismissing case because the facts alleged made a claim "possible" but not "plausible"); *Krys v. Pigott*, 749 F.3d 117, 128-29 (2d Cir. 2014) ("'The plausibility standard . . . asks for more than a sheer possibility that a defendant acted unlawfully.'" (quoting *Iqbal*, 556 U.S. at 678)).

### B. Plaintiffs Cannot Avoid Dismissal Under Rule 12(b)(6) by Relying on Lawyer Arguments That Have No Factual Basis in the FAC at Issue.

It is fundamental that a plaintiff cannot avoid dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure, by engaging in lawyer arguments that rely on supposed facts that are nowhere pled in the complaint at issue. *Friedl v. City of New York,* 210 F.3d 79, 83-84 (2d Cir. 2000) ("[A] district court errs when it … relies on factual allegations contained in legal briefs or memoranda, in ruling on a 12(b)(6) motion to dismiss.") (citing *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988)). Defying this settled authority, Plaintiffs' response brief is filled with lawyer arguments that have no predicate in their FAC. For example, a bevy of fictional plaintiffs first appear in Plaintiffs' response brief but are nowhere to be found in the FAC. Named plaintiffs cannot survive dismissal under Rule 12(b)(6) by attempting to piggyback on fictionalized consumers and claims—none of which are actually pled in the complaint. *W.R. Huff Mgmt*, 549 F.3d at 106 n.5.

Plaintiffs also argue in their response brief that the 0 percent descriptor on the FAGE

Total 0% product is somehow misleading because Total, Total 0%, and Total 2% products are not sold next to each other.  (Opp. at 11.)  Again, these "facts" are not alleged in Plaintiffs' FAC. Similarly, Exhibit B, which is submitted on this point, is not alleged in the FAC and should be disregarded.  *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria,* 265 F.R.D. 106, 122, 123 (S.D.N.Y. 2010) ("[A] plaintiff may not shore up a deficient complaint through extrinsic documents submitted."); *see also Wright v. Ernst & Young LLP,* 152 F.3d 169, 178 (2d Cir. 1998) (explaining a party cannot amend its pleading through statements in legal memoranda).

Plaintiffs also argue in their response brief that because certain yogurt products do not have lactose, it is "reasonable" for a consumer to believe that a "yogurt product does not contain lactose sugar or any other types of sugar."  (Opp. at 11.)  Plaintiffs cite Exhibit C for this proposition.  These "facts," however, appear nowhere in the FAC and should be disregarded. *Wright*, 152 F.3d at 178.  Moreover, we note that these products are not dairy products.  Indeed, they conspicuously say "Soy Yogurt" or "Dairy Free" on the front, signaling to any literate consumer that they are different from FAGE Total yogurt, which unmistakably is a dairy product.  We also note that although these non-dairy products lack lactose, they all have calories. Many of the products listed have *more* calories that FAGE's products.  (*See* Opp., Ex. D.)

### C.     Damages Are Improperly Alleged and Implausible.

Plaintiffs fail to address—and thus waive—their allegations that they suffered "out of pocket" harm.  (*See* Opening Br. at 16.)  Moreover, as for Plaintiffs' alternative "premium price" theory, again, this is not a creative writing class.  Plaintiffs, to state a claim for relief, must allege specific facts that, if proven at trial, plausibly entitled them to relief.  Merely arguing that Plaintiffs paid a premium price—which is not plausibly suggested on the face of the FAC—does not suffice.  *See Krys*, 749 F.3d at 128-29.

### D.       Causation Is Totally Lacking.

As we pointed out in FAGE's opening brief, facts plausibly demonstrating causation of any harm are completely lacking in Plaintiffs' FAC.  (*See* Opening Br. at 16-17.)  Moreover, we noted in FAGE's Pre-Motion Letter that Plaintiffs in their original Complaint completely failed to allege any reliance on the supposedly misleading statement.  Only after studying FAGE's Pre-Motion Letter did Plaintiffs' lawyer remember that his clients supposedly viewed and relied on the FAGE Total 0% representation prior to buying FAGE Total yogurt.  Now, the FAC cursorily alleges that Plaintiffs "relied" on FAGE's supposed misrepresentations.  (FAC ¶ 6.)

Boilerplate allegations (arguments of counsel, really) are not a valid substitute for specific facts that, if proven true, give rise to a plausible claim for relief.  *Twombly*, 550 U.S. at 555 (2007).  This Court, acting as a judicial gate-keeper, must decide if a "reasonable consumer" acting "reasonably" could be deceived by the statements at issue and could have relied to their detriment on the deception.  If not, FAGE's motion to dismiss must be granted.  *See, e.g.*, *Fink*, 714 F.3d at 741.

## II.    Plaintiffs' Negligent Misrepresentation Claim Fails.

This Court encouraged Plaintiffs to voluntarily dismiss this claim at the pre-motion conference.  Plaintiffs did not take this advice.  So here we are, spending the parties' money and the Court's time, briefing again an utterly frivolous claim.

As we pointed out previously, an essential element in a negligent misrepresentation claim is a special relationship with the plaintiff.  *See, e.g.*, *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 280-81 (S.D.N.Y. 2004).  An arms-length commercial relationship does not give rise to a negligent misrepresentation claim—end of story.  *See Kimmell v. Schaefer*, 675 N.E.2d 450, 454 (N.Y. 1996); *see also Sheridan v. Trustees of Columbia Univ.*, 745 N.Y.S.2d 18, 19 (N.Y. App. Div. 2002) (same).

Plaintiffs argue, without any authority, that a special relationship exists between them and FAGE because consumers rely on FAGE's "reputation and skill in warranting the quality" of its products. But this is nonsense, which, if credited, creates a special relationship between any seller and consumers. New York law requires something more—which Plaintiffs do not allege.

Another fatal problem with Plaintiffs' negligent misrepresentation claim is the economic loss doctrine which, as we have pointed out repeatedly, bars claims for economic damages arising from negligence, including negligent misrepresentation. (*See* Opening Br. at 19-20.) Plaintiffs' response betrays a misunderstanding of the economic loss doctrine. Citing entirely to cases that neither address nor have anything to do with the economic loss doctrine, Plaintiffs argue that they have alleged injury in fact. (Opp. at 21.) Even if this were true, it would not negate the fact that the *purely economic injury* that Plaintiffs claim to have pled can only be remedied under contract law and cannot support a claim for negligent misrepresentation. *See Cruz v. TD Bank, N.A.,* 855 F. Supp. 2d 157, 178 (S.D.N.Y. 2012); *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.,* 244 F.R.D. 204, 220 (S.D.N.Y. 2007); *Cherny v. Emigrant Bank,* 604 F. Supp. 2d 605, 609 (S.D.N.Y. 2009).

## III. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed.

An unjust enrichment claim is viable only in "unusual situations" and it cannot "duplicate[] or replace[] a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). This is not one of those "unusual situations."

Plaintiffs cite an assortment of inapposite cases. For example, two cases involve the finding that the unjust enrichment claim was not duplicative of a *fraudulent inducement* claim. *See, e.g., Pramer v. Abaplus Int'l Corp.*, 907 N.Y.S. 2d 154, 161-62 (1st Dep't 2010); *Niagara Mohawk Power Corp. v. Freed*, 696 N.Y.S.2d 600, 602-03 (4th Dep't 1999). In another inapposite case, *St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144 (E.D.N.Y. 2010), the

district court allowed an unjust enrichment claim to survive a motion to dismiss because court was unsure whether breach of contract was viable or not.  Here, Plaintiffs do not allege a breach of contract claim.  Instead, they allege consumer fraud and deceptive trade practice act claims. Critically, the factual basis for Plaintiffs' consumer fraud and deceptive trade practices act claims is identical—indeed, word for word the same—as their unjust enrichment claim.  The unjust enrichment claim, therefore, is plainly duplicative.  This critical fact distinguishes this case from Plaintiffs' cited cases.  *See, e.g.*, *In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.*, 701 F. Supp. 2d 356, 384 (E.D.N.Y. 2010).

Finally, Plaintiffs argue without any authority whatsoever that their unjust enrichment claim is not duplicative of the GBL § 349 claim because unjust enrichment has a longer statute of limitations.  (Opp. at 23.)  The statute of limitations, however, is an affirmative defense that has no bearing on whether underlying causes of action asserted by a plaintiff are duplicative.

## IV. Plaintiffs' Claims Purportedly Arising Under the Laws of All 50 States and the District of Columbia Are Unsupportable.

As we pointed out in FAGE's opening brief, Plaintiffs have no standing to sue under the laws of all fifty states and the District of Columbia.  (*See* Opening Br. at 21.)  Plaintiffs fail to address the legal authority prohibiting claims under state laws in which the named Plaintiffs have no connection (and therefore no standing).  Here, the named Plaintiffs did not allegedly purchase FAGE Total 0% in all fifty states and the District of Columbia.  Therefore, they have no standing to sue under the laws of these jurisdictions.  Plaintiffs fail to respond to this point in any meaningful way.

## V. No Cognizable Claims Exist Against FAGE Holdings or FAGE Greece.

We pointed out in FAGE's opening brief that no factual basis has been pled to join FAGE Holdings or FAGE Greece.  Merely alleging that "Defendants" operated a "single integrated and

common enterprise" (FAC ¶ 32) does not remotely provide Plaintiffs with a permissible basis for joining foreign holding companies and ignoring the lawful separateness of these corporations. Again, Plaintiffs totally fail to address FAGE's controlling legal authorities.  Plaintiffs' claims against FAGE Holdings and FAGE Greece must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  Moreover, despite warnings from this Court, Plaintiffs' counsel has unnecessarily and vexatiously multiplied these pleadings by stubbornly refusing to drop claims that were obviously frivolous.  Under the circumstances, FAGE should be awarded its costs pursuant to 28 U.S.C. § 1927.[1]

Dated: January 5, 2015

Respectfully submitted,

/s/Luke A. Connelly
Luke A. Connelly
200 Park Avenue
New York, New York  10166
Tel: (212) 294-6700
Fax: (212) 294-4700
lconnelly@winston.com

Kimball R. Anderson (*pro hac vice*)
Kevin P. McCormick (*pro hac vice*)
Thomas G. Weber (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
kanderson@winston.com
kmccormick@winston.com
tgweber@winston.com

*Attorneys for Defendants*

---

[1] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.