UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY STOLTZ, ALLAN CHANG, ROSALIE MAYES, REBECCA STARR, TERESA M. COHEN, KENNETH LEIBOWITZ, GILBERT MENDEZ, SHARON MANIER, ANDREA NEAL, BRITTANEE JACKSON, JAMES MANIER, JOHN DOE (GEORGIA), and JANE DOE (TEXAS), on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAGE DAIRY PROCESSING INDUSTRY, S.A., FAGE USA DAIRY INDUSTRY, INC., and FAGE USA HOLDINGS, INC.,<br><br>Defendants. | Case No. 14-cv-3826 (MKB)<br><br>ECF Case |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO TRANSFER VENUE TO THE NORTHERN
DISTRICT OF NEW YORK**

WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

Attorneys for Defendants

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    I.     Plaintiffs Concede That an Action Could Have Been Brought in the Northern District of New York. ............................................................................. 1

    II.    The Interest of Justice Factors Favor Transfer to the Northern District of New York. ................................................................................................................. 2

          A.    Plaintiffs' Choice of Forum in a Putative Nationwide Class Action is Entitled to Little Weight. ........................................................................ 2

          B.    The Convenience of the Parties and Witnesses, Along with the Location of Relevant Documents and Access of Proof, Heavily Favors Transferring to the Northern District of New York. ...................... 3

          C.    The Locus of Operative Facts Occurred in the Northern District of New York. ............................................................................................. 5

          D.    The Supposed "Financial Health" of Plaintiffs Should Be Given No Weight. ................................................................................................ 6

          E.    Docket Congestion is a Neutral Factor. ............................................... 6

CONCLUSION ......................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ayers v. Arabian Am. Oil Co.*,
   571 F. Supp. 707 (S.D.N.Y. 1983) ................................................................................3

*Beckerman v. Heiman*,
   No. 05 Civ. 5234 (BSJ) (GWG), 2006 WL 1663034 (S.D.N.Y. June 16, 2006) ...............5

*Bombardier Capital Inc. v. Solomon*,
   No. 00 CIV. 0848 (RMB), 2000 WL 1721138 (S.D.N.Y. Nov. 17, 2000) ........................6

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*,
   415 F. Supp. 2d 370 (S.D.N.Y. 2006) ............................................................................1

*Glass v. S & M NuTec, LLC*,
   456 F. Supp. 2d 498 (S.D.N.Y. 2006) .......................................................................2, 5

*Goggins v. Alliance Capital Mgmt., L.P.*,
   279 F. Supp. 2d 228 (S.D.N.Y. 2003) ............................................................................2

*In re Collins & Aikman Corp. Sec. Litig.*,
   438 F. Supp. 2d 392 (S.D.N.Y. 2006) ............................................................................6

*In re McDermott Int'l, Inc. Sec. Litig.*,
   Nos. 08 Civ. 9943(DC), 08 Civ. 10615(DC), 09 Civ. 570(DC), 2009 WL 1010039
   (S.D.N.Y. Apr. 13, 2009) ...............................................................................................5

*Kroll v. Lieberman*,
   244 F. Supp. 2d 100 (E.D.N.Y. 2003) ...........................................................................5

*O'Hopp v. ContiFinancial Corp.*,
   88 F. Supp. 2d 31 (E.D.N.Y. 2000) ............................................................................2, 4

*Sebrow v. Zucker, Goldberg & Ackerman, LLC*,
   No. 10-CV-4767 (NGG) (RLM), 2012 WL 911552 (E.D.N.Y. Mar. 16, 2012) ............3, 4

*Seltzer v. Omni Hotels*,
   No. 09 Civ. 9115 (BSJ) (JCF), 2010 WL 3910597 (S.D.N.Y. Sept. 30, 2010) ................4

*Weinfeld v. Minor*,
   No. 12-CV-6395 (DLI) (MDG), 2014 WL 4954630 (E.D.N.Y. Sept. 30, 2014) ..............6

**STATUTES**

28 U.S.C. § 1391(b)(1) ...........................................................................................................2

28 U.S.C. § 1404(a) ............................................................................................................1, 7

**OTHER AUTHORITIES**

*Newberg on Class Actions § 6:38 (5th ed. Dec. 2014)*....................................................................2

## INTRODUCTION

This action involves nationwide class action claims with putative class members in every federal district in the United States. Only one of the thirteen named Plaintiffs lives within the Eastern District of New York and the remainder are scattered throughout the United States. In contrast, many likely defense witnesses live and work in the Northern District of New York. No legal or logical reason exists why these many defense witnesses should bear the expense and burden of traveling to the Eastern District of New York just because one of the thirteen named Plaintiffs lives there. Under these circumstances, Plaintiffs' choice of forum should be afforded very little deference and the balance of factors clearly favors transfer to the Northern District of New York, where FAGE's headquarters are located, where most of the witnesses live and work, and where the FAGE Total yogurt products at issue in this case are designed, created, and produced.

## ARGUMENT

FAGE satisfies both prongs of the two-part inquiry under 28 U.S.C. § 1404(a). *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) ("first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate.") (internal citations omitted).

**I. Plaintiffs Concede That an Action Could Have Been Brought in the Northern District of New York.**

Plaintiffs concede the first prong of the Section 1404(a) inquiry. This action could have been brought in the Northern District of New York. Plainly, *in personam* jurisdiction exists and statutory venue is proper in the Northern District of New York, which is where FAGE is

1

headquartered in Johnstown, New York.  *See* 28 U.S.C. § 1391(b)(1) (venue proper where defendant resides).

## II. The Interest of Justice Factors Favor Transfer to the Northern District of New York.

### A. Plaintiffs' Choice of Forum in a Putative Nationwide Class Action is Entitled to Little Weight.

Plaintiffs' choice of forum is afforded less weight in a putative class action with plaintiffs who are "scattered throughout the country" because "numerous potential plaintiffs … [can] make a showing that a particular forum is best suited for the adjudication of the class's claim." *Glass v. S & M NuTec, LLC*, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006); *see also Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003) ("The reason is that in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim."). The First Amended Complaint now includes named Plaintiffs from New York, New Jersey, Pennsylvania, Florida, California, Michigan, Georgia, and Texas. Only one of these thirteen plaintiffs resides within the Eastern District of New York; the other twelve are scattered around the United States.

A leading commentator on class actions focused on the distinction between individual actions (where the forum choice may be entitled to some deference) and class actions (where the forum choice is not entitled to deference):

> The principal difference between transfer of class actions and transfer of individual cases is the weight afforded the plaintiff's choice of forum.  In individual cases, a plaintiff's choice of forum is entitled to substantial weight.  In class actions, the plaintiff's choice of forum is generally given less weight.  This diminished deference reflects the probability that in a class action case, there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class' claim.

*See* William B. Rubenstein, *Newberg on Class Actions* § 6:38 (5th ed. 2014); *see also O'Hopp v. ContiFinancial Corp.*, 88 F. Supp. 2d 31, 35 (E.D.N.Y. 2000) (choice of forum "carries less

2

weight in certain situations, such as when a plaintiff seeks to represent a widely dispersed class"); *Sebrow v. Zucker, Goldberg & Ackerman, LLC*, No. 10-CV-4767 (NGG) (RLM), 2012 WL 911552, at *4 (E.D.N.Y. Mar. 16, 2012) ("However, in putative class actions, a representative plaintiff's choice of forum is given less weight than in an individual action."). Plaintiffs' choice of forum, therefore, is entitled to very little, if any, deference for this class action, which includes named Plaintiffs from many different states around the U.S.

In response, Plaintiffs rely on *Ayers v. Arabian Am. Oil Co.*, 571 F. Supp. 707 (S.D.N.Y. 1983), but that reliance is misplaced. To be sure, *Ayers* states that the plaintiff's choice of forum was "entitled to some deference," but *Ayers* was an individual action, not a class action, so it has no bearing on the instant case.

  **B.**   **The Convenience of the Parties and Witnesses, Along with the Location of Relevant Documents and Access of Proof, Heavily Favors Transferring to the Northern District of New York.**

The Northern District of New York, in contrast to this District, has a strong nexus with this action. The Northern District is where: (1) FAGE has its corporate headquarters; (2) FAGE's executives made strategic decisions about the sale, marketing, and labeling of their products; (3) all of the FAGE Total yogurt products, and their accompanying labels, are produced and prepared for sale throughout the United States; (4) documents about FAGE's adoption and marketing of FAGE Total 0%—which was adopted first in 1998, and since that time not a single person (until Plaintiffs' counsel created this lawsuit) complained about being misled by FAGE Total 0%; (5) FAGE evaluates the nutritional content of its products as expressed on the nutrition facts; and (6) many FAGE employees knowledgeable about the production and marketing of FAGE Total yogurt are employed. For example, FAGE's Chief Financial Officer, Robert Shea, and its Executive Vice President for Production, Research & Development, and Quality Assurance, Spyros Gianpapas, both live and work at FAGE's

3

corporate headquarters in Johnstown, New York, along with a number of employees who work under them. FAGE's Chief Executive Officer, Athanassios Filippou, is also based out of FAGE's corporate headquarters in Johnstown. These persons will be critical witnesses in any trial of this case. In addition, FAGE's current and historical business records are maintained mostly in Johnstown.

Given these considerations, "obtaining the required documents and developing a factual record may be done more efficiently" in the Northern District of New York. *Sebrow*, 2012 WL 911552, at \*4 (transferring to District of New Jersey because the "bulk of what happened in this set of events occurred in New Jersey, and the documents and other forms of proof involved were produced in New Jersey"); *O'Hopp*, 88 F. Supp. 2d at 36 (transferring to Southern District of New York because "corporate defendants are located and have their principal places of business in the Southern District," "[m]any of the documents and witnesses are located in that district," and "[o]nly one of the thirteen named plaintiffs resides in this district, and none of the proposed lead plaintiffs lives here").

In response, Plaintiffs rely on *Seltzer v. Omni Hotels*, No. 09 Civ. 9115 (BSJ) (JCF), 2010 WL 3910597, at \*4 (S.D.N.Y. Sept. 30, 2010), which noted in passing that the location of documents carries "less importance" now in the electronic discovery age. The district court in *Seltzer*, however, ultimately *found this factor in favor of transfer* because "the premises, and likely other sources of proof … are located in California and are more readily accessible there. Thus, this factor weighs in favor of transfer." *Id.* at \*4. The *Seltzer* court, therefore, *granted* transfer to the Southern District of California. *Id.* at 6. Accordingly, *Seltzer* is not helpful to Plaintiffs here.

Plaintiffs also indicate that they have mystery experts in the Eastern District of New York, but no specifics are provided.[1] (Opp. to Transfer Mot. at 2.) Moreover, the residence of retained professional witnesses is not a factor that is entitled to weight in considering motions to transfer venue. *In re McDermott Int'l, Inc. Sec. Litig.*, Nos. 08 Civ. 9943(DC), 08 Civ. 10615(DC), 09 Civ. 570(DC), 2009 WL 1010039, at *4 (S.D.N.Y. Apr. 13, 2009) ("Expert witnesses are generally excluded from the analysis of the convenience of the witnesses."); *Glass*, 456 F. Supp. 2d at 502 ("[I]t is well settled that the location of expert witnesses is irrelevant to a transfer decision.") (internal citation omitted).

### C. The Locus of Operative Facts Occurred in the Northern District of New York.

The gravamen of Plaintiffs' claim is that FAGE Total 0% misleads consumers into believing that the product has zero calories, zero sugar, zero carbohydrates, and zero fat. But this claim has no particular nexus with the Eastern District of New York. Instead, if any district has a nexus with this claim, it is the Northern District of New York, where the FAGE Total 0% product is designed, labeled, produced, and approved by FAGE's executives. The locus of the operative facts, therefore, is in the Northern District of New York. This is an important factor in weighing a motion to transfer. *See, e.g.*, *Beckerman v. Heiman*, No. 05 Civ. 5234 (BSJ) (GWG), 2006 WL 1663034, at *4-10 (S.D.N.Y. June 16, 2006) (transferring to Central District of California where the product was designed, labeled, and produced there and sold in New York, among many other places throughout the United States).[2]

---

[1] The other case that Plaintiffs cite, *Kroll v. Lieberman*, 244 F. Supp. 2d 100 (E.D.N.Y. 2003), has absolutely no similarities to this case, as in *Kroll* the defendants' transfer motion was focused predominantly on the argument that it was easier for them to travel to the Southern District of New York than the Eastern District of New York due to traffic. *Id.* at 103. Unlike here, besides the "traffic" argument, the defendant in *Kroll* "failed to articulate a single reason why transfer is warranted." *Id.*

[2] The factor of the forum's familiarity with the governing law is neutral.

In cases considering whether to transfer misrepresentation cases, courts look at where the alleged misrepresentations occur. As a matter of law, the "misrepresentations or omissions occur *where the misrepresentations are issued* or the truth is withheld, not where the statements at issue are received." *Weinfeld v. Minor*, No. 12-CV-6395 (DLI) (MDG), 2014 WL 4954630, at *4 (E.D.N.Y. Sept. 30, 2014) (granting transfer to District of Nevada in suit alleging misrepresentations relating to management and health of a corporation). *See also In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006) (same).

### D.  The Supposed "Financial Health" of Plaintiffs Should Be Given No Weight.

Plaintiffs gratuitously state without any supporting facts that "Defendants are in a much better position than Plaintiffs financially," and thus FAGE should bear "any financial inconvenience incurred by litigating this case outside N.D.N.Y." (Opp. to Transfer Mot. at 3.) This factor is supported by nothing besides Plaintiffs' own say-so, which requires a finding that this is a neutral factor in the analysis. *Weinfeld*, 2014 WL 4954630 at *5 ("Plaintiffs do not state, in any detail, why they would be unable to meet this expense or that doing so would result in undue hardship for them," so factor was neutral); *Bombardier Capital Inc. v. Solomon*, No. 00 CIV. 0848 (RMB), 2000 WL 1721138, at *4, n. 11 (S.D.N.Y. Nov. 17, 2000) ("'However, a party arguing for or against transfer on these grounds must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances.'") (quoting *Dostana Enters LLC v. Federal Express Corp.*, No. 00 CIV. 0747(RWS), 2000 WL 1170134, at *4 (S.D.N.Y. Aug. 16, 2000)). Plaintiffs have thus failed to provide any basis to conclude that the "relative means" of the parties undermines transfer to the Northern District of New York.

### E.  Docket Congestion is a Neutral Factor.

Plaintiffs overstate and skew docket congestion statistics between the Northern District of New York and the Eastern District of New York. (*See* Ex. A, attached hereto.) There is no

material difference between the current time from filing to disposition (i.e., 10.5 months in the Northern District and 8.6 months in the Eastern District), and from filing to trial (i.e., 36.5 months in Northern District and 32.4 months in the Eastern District).  Plaintiffs attempt to inflate the difference in the time from filing to trial by stating that it has "ranged from 36.5 to 48.1 months"—even though the 48.1 months figure is from *June 2011* and has no relevance to the current projection.  (Opp. to Transfer Mot. at 3-4.)  If anything, the Northern District is less congested and more likely to quickly dispose of this case (if it even survives the motion to dismiss, which it should not) because the backlog of older cases is much higher in the Eastern District.  (*See* Ex. A (there are 173 cases over three years old in the Northern District, amounting to about 35 cases per judge; there are 1,236 cases over three years old in the Eastern District, amount to about *82 cases per judge*).)  Plaintiffs, of course, fail to mention this in their Opposition.

## CONCLUSION

For the foregoing reasons, in the alternative to FAGE's motion to dismiss, the instant action should transferred to the Northern District of New York pursuant to 28 U.S.C. § 1404(a).

Dated: January 5, 2015                              Respectfully submitted,

/s/Luke A. Connelly
Luke A. Connelly
200 Park Avenue
New York, New York  10166
Tel: (212) 294-6700
Fax: (212) 294-4700
lconnelly@winston.com

Kimball R. Anderson (*pro hac vice*)
Kevin P. McCormick (*pro hac vice*)
Thomas G. Weber (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

7

Tel: (312) 558-5600
Fax: (312) 558-5700
kanderson@winston.com
kmccormick@winston.com
tgweber@winston.com

*Attorneys for Defendants*