UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BARRY STOLTZ, ALLAN CHANG,
ROSALIE MAYES, REBECCA STARR,
TERESA M. COHEN, KENNETH LEIBOWITZ,
GILBERT MENDEZ, SHARON MANIER,
ANDREA NEAL, BRITTANEE JACKSON,
JAMES MANIER, JOHN DOE (GEORGIA),
and JANE DOE (TEXAS) on behalf
of themselves and others similarly situated,

      Plaintiffs,                                          Case No.: 14-cv-03826 (MKB)

      v.

FAGE DAIRY PROCESSING INDUSTRY, S.A.,
FAGE USA DAIRY INDUSTRY, INC., and
FAGE USA HOLDINGS, INC.,

      Defendants.

---

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER VENUE TO
THE NORTHERN DISTRICT OF NEW YORK

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and the Class*

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Ayers v. Arabian American Oil Co.*, 571 F.Supp. 707 (S.D.N.Y. 1983) .......................................... 1

*Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931,
    2008 WL 4450259 (S.D.N.Y. Sept. 29, 2008)..................................................................... 1

*Dealtime.com v. McNulty*, 123 F.Supp.2d. 750 (S.D.N.Y. 2000).................................................... 2

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986) ............................................................................................... 3

*Kroll v. Lieberman*, No. 02-cv-3434, 244 F.Supp.2d 100 (E.D.N.Y. 2003) ................................... 2

*Seltzer v. Omni Hotels*, 2010 U.S. Dist. LEXIS 103495,
    2010 WL 3910597 (S.D.N.Y. Sept. 30, 2010)................................................................... 2

**THE COURT SHOULD DENY DEFENDANTS' MOTION TO TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF NEW YORK**

In deciding a motion to transfer, courts consider the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight to be accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. *See Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931, 2008 WL 4450259, at * 5 (S.D.N.Y. Sept. 29, 2008).

Here, Defendants claim that, as an alternative to dismissal, this case should be transferred to the Northern District of New York. First, transfer of this case merely serves to waste judicial resources. The balance of convenience and the interests of justice weigh heavily against transfer. Plaintiffs' choice of forum is entitled to great deference, and is not to be disturbed "[a]bsent a clear and convincing showing that the balance of convenience strongly favors the alternative forum[.]" *Ayers v. Arabian American Oil Co.*, 571 F.Supp. 707, 709 (S.D.N.Y. 1983). Defendants claim that this case has "little, if any, connection with the Eastern District of New York." Simply put, Defendants are wrong. Three of the named Plaintiffs reside in the New York City area, including the two Plaintiffs who initially brought the action. Among the two Plaintiffs who brought the action, one resides in the Eastern District, viewed Defendants' deceptive Product labels in the Eastern District, purchased the Products in the Eastern District, and suffered harm in the Eastern District. In addition, Defendants sold the Products to consumers at numerous locations throughout this District.

Defendants claim that their witnesses and documents are in the Northern District of New York ("N.D.N.Y."). Nonetheless, the access to proof factor also does not weigh in favor of transfer. Defendants have failed to present evidence or even suggest that their documents could not easily be copied and transported to this District. *See Seltzer v. Omni Hotels*, 2010 U.S. Dist. LEXIS 103495, 2010 WL 3910597, at *4 (S.D.N.Y. Sept. 30, 2010) ("In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly. Furthermore, the location of documents is entitled to little weight unless [the movant] makes a detailed showing of the burden it would incur absent transfer.") Essentially, transferring this case to N.D.N.Y. would merely serve to shift the inconvenience from Defendants to Plaintiffs. *See Kroll v. Lieberman*, 244 F.Supp.2d 100, 103 (E.D.N.Y. 2003) ("Where transfer would merely shift the inconvenience from one party to the other, plaintiff's choice of forum is not to be disturbed.") The convenience of both party and non-party witnesses also weighs against transfer. Plaintiffs' non-party witnesses such as experts are based in or regularly do business in the Eastern District. None of the Plaintiffs or Plaintiffs' non-party witnesses are based or reside in N.D.N.Y. Moreover, Defendants have failed to indicate that any of their witnesses could not or would not appear at a trial in the Eastern District of New York.

"A court may also consider the relative means of the parties in deciding a motion to transfer." *Dealtime.com v. McNulty*, 123 F.Supp.2d. 750, 756 (S.D.N.Y. 2000). Given Plaintiffs' limited financial resources, transferring the action to N.D.N.Y. would have serious adverse consequences on their ability to prosecute the case. If the case were transferred, Plaintiffs would have to bear the costs of their New York City counsel's

transportation to and from N.D.N.Y. and counsel's living expenses during any appearances, including trial. Transfer also imposes increased costs on Plaintiffs located outside of New York State, as airfare to N.D.N.Y. from several Plaintiffs' locations is nearly twice the cost of travel to the New York City area. Significantly, Defendants are in a much better position than Plaintiffs financially and thus are more capable of bearing any financial inconvenience incurred by litigating this case outside N.D.N.Y., particularly given that Defendants' counsel on this matter is based in Chicago, Illinois and as such would have to travel to New York State for any proceedings nevertheless.

The locus of operative facts also weighs against transfer. Defendants' contention that this factor favors transfer is meritless. The central claim alleged by Plaintiffs is that the content on Defendants' Product labels is deceptive and misleading. The location where the labels were made is irrelevant to Plaintiffs' claims. The events giving rise to Plaintiffs' claims based on improper labeling of the Products can be said to have occurred in the Eastern District, as Defendants' improperly labeled Products that were and continue to be sold in this District. The damages resulting from Defendants' deceptive labeling practices occurred (and continue to occur) in this District.

Another consideration in determining whether the public interest favors transfer is the relative congestion of the two courts. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Based on the June 2014 Federal Court Management Statistics, the Eastern District is better fit to dispose of this case in a time frame that serves the public interest. For example, for the past five years, the median time from filing to disposition and from filing to trial has been significantly shorter in the Eastern District. The median disposal time for civil cases in the Northern District has ranged from

3

36.5 to 48.1 months, compared to 29 to 32.4 months in the Eastern District. In addition, the Eastern District has a larger jury selection pool and is less likely to have potential jurors who have benefitted from Defendants' facilities in N.D.N.Y. such as former employees, relatives and friends of Defendants. In sum, the balance of conveniences and interests of justice weigh against transfer.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny Defendants' Motion in its entirety.

Dated: December 15, 2014

                                              Respectfully submitted,

                                              **LEE LITIGATION GROUP, PLLC**

                                              /s/ C.K. Lee

                                              C.K. Lee (CL 4086)
                                              30 East 39th Street, Second Floor
                                              New York, NY 10016
                                              Tel.: 212-465-1188
                                              Fax: 212-465-1181
                                              *Attorneys for Plaintiffs and the Class*