

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**KIMBALL R. ANDERSON**
Partner
(312) 558-5858
kanderson@winston.com

December 7, 2015

**VIA ECF**

Hon. Margo K. Brodie, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

      Re:    <u>Chang et al. v. FAGE USA Dairy Industry, Inc.</u>, Case No. 14-cv-3826 (MKB)

Dear Judge Brodie:

      We represent Defendant FAGE USA Dairy Industry, Inc. ("FAGE"). Pursuant to Rule 3(A) of Your Honor's Individual Practices and Rules, we write to request a pre-motion conference on FAGE's proposed motion to dismiss portions of the Second Amended Complaint ("SAC") that do not state claims upon which relief can be granted.

      In its Order dated September 22, 2015, this Court granted in part and denied in part FAGE's motion to dismiss the First Amended Complaint and allowed Plaintiffs leave to further amend their Complaint in certain limited respects. [Dkt. No. 25.] Specifically, the order granted Plaintiffs leave to file a Second Amended Complaint to: (1) replace the John Doe or Jane Doe plaintiffs with an actual plaintiff for the claims under Georgia and Texas law [*id.* at 24]; (2) amend their negligent misrepresentation and unjust enrichment claims under New York, New Jersey, Pennsylvania, California, Florida, and Michigan law [*id.* at 25]; and (3) allege facts to support a claim against the two other FAGE entities initially sued. [*Id.* at 58.]

      Notwithstanding the narrow scope of the amendment allowed by the Court, Plaintiffs' SAC, filed November 5, 2015, adds a new count asserting a statutory claim for violation of California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200, *et seq.* ("UCL"). Plaintiffs also amended their claims for negligent misrepresentation—now asserting claims under only the laws of New Jersey, Pennsylvania, California, and Florida—and made other changes to the First Amended Complaint that are not relevant to this motion. FAGE seeks leave to move for dismissal of the SAC as to (1) Plaintiffs' new UCL claim (Count VI); (2) Plaintiffs' CLRA claim (Count V); and (3) Plaintiffs' negligent misrepresentation claims (collectively, Count IX). The grounds for this motion are as follows.

      <u>First</u>, Plaintiffs' new UCL count was added without leave of Court, and, in any event, fails to state a valid claim. The Court's September 22, 2015 order expressly allowed leave "to file [the SAC] *as specified in this Memorandum and Order*." [Dkt. No. 25 at 3.]

      Moreover, under California law, a UCL claimant must allege "actual reliance." *Kane v.*



December 7, 2015
Page 2

*Chobani, Inc.*, 973 F. Supp. 2d 1120, 1129 (N.D. Cal. 2014).  The legal standard for "actual reliance" is rigorous.  *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1088-89 (N.D. Cal. 2014) ("named plaintiffs [must] plead actual reliance *on the misrepresentations at issue*") (emphasis added).  The SAC alleges in boilerplate fashion that "Plaintiff MENDEZ purchased FAGE Greek yogurt relying on the 'Total 0%' claim on its packaging. . . ."  Plaintiffs' allegations here, however, do not contain any affirmative statement that the California plaintiffs, in buying the FAGE Total 0% yogurt, actually believed that "Total 0%" meant that the yogurt contained no sugar or calories.  Nor could they plausibly have such a belief in light of the express disclosure on the FAGE carton revealing the number of calories in the product.

Plaintiffs also fail to allege that FAGE's conduct is unlawful, unfair, or fraudulent, as required under the UCL.  FAGE has done nothing "unlawful" under the Federal Food, Drug, and Cosmetic Act ("FDCA") or the parallel California statute, because the cited provision of the FDCA relates to generic requirements that information on products must contain the serving size and nutritional information.  21 U.S.C. § 343(r)(1)(a).  The allegations in the SAC—that "[FAGE] Total 0%" without context is misleading—are different from the FDCA provision cited in the SAC.  Plaintiffs also claim FAGE has acted "unfairly," but in doing so, rely on FAGE's alleged violation of the "FDCA and parallel California labeling requirements," which FAGE did not violate as a matter of law, as discussed above.  Finally, the "fraudulent" prong of the UCL must be pled with pled with particularity.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009).  Plaintiffs' cookie-cutter allegations for all the different plaintiffs, including the California ones, and failure to specifically explain what the California plaintiffs thought "FAGE Total 0%" meant, falls short of Rule 9(b)'s requirements.

Second, Plaintiffs' CLRA claim should be dismissed for the independent reason that Plaintiffs plainly failed to comply with the CLRA requirement that all plaintiffs must submit a pre-suit letter providing notice of their claim and an opportunity to cure the alleged wrongdoing.  *See* Cal. Civ. Code § 1782(a); *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009) (compliance with § 1782(a) is necessary to state a claim and strict compliance is required).  For that reason, the CLRA claim should be dismissed as an independent stand-alone claim, which also eliminates any basis for the "unlawful" prong claim under the UCL.

Third, as for the negligent misrepresentations claims under New Jersey, Pennsylvania, California, and Florida law, although the Court deemed in its order on FAGE's first Motion to Dismiss that FAGE had not moved to dismiss these claims to the extent they were brought under the laws of these states, Plaintiffs pled only one Negligent Misrepresentation count in their previous Complaint and claimed to bring that count under the laws of all fifty states and the District of Columbia.  FAGE could not have feasibly addressed every state law in its first motion to dismiss, particularly in light of page limits on motion practice.  In any event, Plaintiffs' amended negligent misrepresentation claims are properly dismissed for the same reasons already identified by the Court in its order on FAGE's motion to dismiss and additional reasons.

Specifically, Plaintiffs state that FAGE "misrepresented a material fact to the public," SAC ¶ 177, but fail to provide any additional allegations explaining the affirmative assertion that



December 7, 2015<br>Page 3

FAGE allegedly misrepresented. Plaintiffs only allege negligent misrepresentation on an "omission" theory—for example, that FAGE "conspicuously displays the term 'Total 0%' without specification as to what 0% refers to" and that "Defendant's omission of the qualifier 'fat' or 'milkfat' next to the 'Total 0%' materially affected [Plaintiffs'] decisions to purchase the Products." SAC ¶¶ 178, 180, 182; *see also* SAC ¶¶ 3, 37-38. But, for the reasons explained below, this type of "omission" theory is legally invalid under the laws of New Jersey, Pennsylvania, California, and Florida.

Similar to what the Court held with respect to Plaintiffs' negligent misrepresentation claim under New York law [Dkt. No. 25 at 49.], the laws in New Jersey and Florida require that a claim for negligent misrepresentation may be based on an omission only if the parties have a fiduciary relationship or other relationship of confidence. *Peruto v. TimberTech Ltd.*, Civ. A. No. 15-2166 (JBS/JS), 2015 WL 5089484, at *6 & n.9 (D.N.J. Aug. 26, 2015); *Kahama VI, LLC v. HJH, LLC*, No. 8:11-cv-2029-T-30TBM, 2013 WL 6511731, at *6 (M.D. Fla. Dec. 12, 2013). Plaintiffs' New Jersey and Florida negligent misrepresentation claims fail because Plaintiffs have not alleged any facts suggesting that the parties stood in a fiduciary or other confidential relationship requiring FAGE to disclose that "0%" referred only to the yogurt's fat content.

Under California law, a claim for negligent misrepresentation requires a "positive assertion" and cannot arise from a negligent failure to disclose information. *Thomas v. Costco Wholesale Corp.*, No. 12-cv-02908-BLF, 2014 WL 5872808, at *3 (N.D. Cal. Nov. 12, 2014). Because Plaintiffs' claim is based on Defendant's alleged failure to disclose that "0%" referred only to the yogurt's fat content, Plaintiffs' claim fails under California law.

Under Pennsylvania law, a claim for negligent misrepresentation can be based on an alleged omission if "the defendant has previously spoken on an issue, and upon learning that he was incorrect, he fails to correct his statement." *State Coll. Area Sch. Dist. v. Royal Bank of Can.*, 825 F. Supp. 2d 573, 589 (M.D. Pa. 2011). Plaintiffs fail to allege that FAGE knew that the advertising was allegedly "incorrect" before Plaintiffs filed this suit, or that FAGE then failed to "correct" the statement. Further, Pennsylvania law also holds that "a negligent misrepresentation claim requires an actual misrepresentation as opposed to assumptions on the part of the recipient." *Id.* at 584. Because Plaintiffs do not allege that FAGE ever affirmatively stated that "0%" referred to anything other than the yogurt's fat content, they have failed to state a claim for negligent misrepresentation under Pennsylvania law.

For these reasons, FAGE respectfully requests that the Court convene a pre-motion conference on FAGE's proposed motion, or alternatively, set a briefing schedule without a pre-motion conference pursuant to Rule 3(A).

Sincerely,<br><br>/s/ Kimball R. Anderson<br>Kimball R. Anderson

cc: All counsel of record (via CM/ECF)