# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLAN CHANG, ROSALIE MAYES, REBECCA STARR, TERESA M. COHEN, KENNETH LEIBOWITZ, GILBERT MENDEZ, SHARON MANIER, ANDREA NEAL, BRITTANEE JACKSON, JAMES MANIER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FAGE USA DAIRY INDUSTRY, INC., <br><br> Defendant. | Case No. 14-CV-3826(MKB) <br><br> Hon. Margo K. Brodie, U.S.D.J. |

**DEFENDANT FAGE USA DAIRY INDUSTRY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

Attorneys for Defendants

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

LEGAL STANDARD............................................................................................................ 2

ARGUMENT ......................................................................................................................... 3

I.      Plaintiffs' New Claim for Violation of California's Unfair Competition Law
(Count VI) Fails as a Matter of Law ................................................................................ 3

        A.    Dismissal Is Proper Because Plaintiffs Added Their UCL Claim Without
Leave of Court ................................................................................................ 3

        B.    In the Alternative, Plaintiffs' UCL Claim Should Be Dismissed Pursuant
to Rule 12(b)(6) for Failure to State a Claim. ................................................ 4

II.     Plaintiffs Fail to State a Claim Under the CLRA (Count V) ............................................. 7

III.    Plaintiffs Fail to State a Claim for Negligent Misrepresentation (Count IX) ..................... 8

CONCLUSION................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................2

*Davis v. Chase Bank U.S.A., N.A.*,
  650 F. Supp. 2d 1073 (C.D. Cal. 2009) ..........................................................................7

*Figy v. Frito-Lay N. Am., Inc.*,
  67 F. Supp. 3d 1075 (N.D. Cal. 2014) ............................................................................4

*Hill v. Roll Int'l Corp.*,
  195 Cal. App. 4th 1295 (2011) .......................................................................................7

*Holmes v. Grubman*,
  568 F.3d 329 (2d Cir. 2009) ...........................................................................................2

*In re Crazy Eddie Sec. Litig.*,
  792 F. Supp. 197 (E.D.N.Y. 1992) .................................................................................3

*In re Initial Pub. Offering Sec. Litig.*,
  241 F. Supp. 2d 281 (S.D.N.Y. 2003) .............................................................................5

*In re NYSE Specialists Sec. Litig.*,
  503 F.3d 89 (2d Cir. 2007) .............................................................................................4

*Kahama VI, LLC v. HJH, LLC*,
  No. 8:11-cv-2029-T-30TBM, 2013 WL 6511731 (M.D. Fla. Dec. 12, 2013) ................8

*Kane v. Chobani, Inc.*,
  973 F. Supp. 2d 1120 (N.D. Cal. 2014) .....................................................................4, 5

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................................................................................6

*Lavie v. Proctor & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) .........................................................................................7

*Peruto v. TimberTech Ltd.*,
  Civ. A. No. 15-2166 (JBS/JS), 2015 WL 5089484 (D.N.J. Aug. 26, 2015) ...................8

*RSM Prod. Corp. v. Fridman*,
  643 F. Supp. 2d 382 (S.D.N.Y. 2009) *aff'd*, 387 F. App'x 72 (2d Cir. 2010) ................4

*Sanchez v. Bear Stearns Residential Mortg. Corp.*,
 No. 09-CV-2056 JLS (CAB), 2010 WL 1911154 (S.D. Cal. May 11, 2010) ..........................6

*Simila v. Am. Sterling Bank*,
 No. 09-CV-781 JLS (CAB), 2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) .............................6

*State Coll. Area Sch. Dist. v. Royal Bank of Can.*,
 825 F. Supp. 2d 573 (M.D. Pa. 2011) .....................................................................................9

*Thomas v. Costco Wholesale Corp.*,
 No. 12-cv-02908-BLF, 2014 WL 5872808 (N.D. Cal. Nov. 12, 2014) ...................................9

**STATUTES**

21 U.S.C. 343(r)(2)(A)(ii) ...................................................................................................................5

21 U.S.C. § 343(r)(1)(a) ..................................................................................................................5, 6

Cal. Bus. & Prof. Code § 17200 ........................................................................................................1

Cal. Civ. Code § 1750 *et seq.* ............................................................................................................1

Cal. Civ. Code § 1782(a) ...................................................................................................................7

Cal. Health & Safety Code § 110670 ................................................................................................5

**OTHER AUTHORITIES**

21 CFR Part 100-Food Labeling ........................................................................................................5

Fed. R. Civ. P. 8(a)(2) ........................................................................................................................2

Fed. R. Civ. P. 9(b) .........................................................................................................................1, 6

Fed. R. Civ. P. 12(b) ..........................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................2, 4

Fed. R. Civ. P. 12(e) ..........................................................................................................................1

Fed. R. Civ. P. 12(f) ...........................................................................................................................1

Fed. R. Civ. P. 15(a) ...................................................................................................................1, 3, 4

6 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and
 Procedure § 1484 (3d ed. 2010) ............................................................................................3

**INTRODUCTION**

In its Order dated September 22, 2015, this Court granted in part and denied in part Defendant FAGE USA Dairy Industry, Inc.'s ("FAGE") motion to dismiss the First Amended Complaint and allowed Plaintiffs leave to further amend their Complaint in certain limited respects. [Dkt. No. 25.] Significantly, this Court did not grant leave to add an entirely new claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, that appears in Count VI of the Second Amended Complaint ("SAC"). Moreover, Plaintiffs have not sought leave to add such a claim. Count VI, therefore, should be dismissed because Plaintiffs have no automatic right under Rule 15(a), Federal Rules of Civil Procedure, to add new claims at this stage of the proceedings.[1] Moreover, even if leave had been granted, Plaintiffs' newly added UCL cause of action is fatally flawed insofar as it fails to state a plausible claim. Plaintiffs have not alleged facts demonstrating actual reliance or conduct that is unlawful, unfair, or fraudulent, as required by California law, and they have not pled their allegation of fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

Plaintiffs' other attempt to plead a California cause of action also should be dismissed. Count V of the SAC, brought under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* (Count V), fails to state a claim upon which relief can be granted

---

[1] Rule 15(a) provides:

 (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
   (A) 21 days after serving it, or
   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

because Plaintiffs have not alleged compliance with the CLRA prerequisite that a plaintiff send a pre-suit letter to an anticipated defendant providing notice of its claim and an opportunity to cure.

Finally, Plaintiffs' reformulated negligent misrepresentation claim (Count IX)—now pled under only the laws of New Jersey, Pennsylvania, California, and Florida instead of all 50 states—fails based on legal principles already identified by the Court in its order on FAGE's first motion to dismiss. Specifically, Plaintiffs lack a special relationship with FAGE necessary to sustain such claims and cannot support such claims based on allegations of omissions on the part of FAGE.

## LEGAL STANDARD

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pled allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). A claim can survive a motion to dismiss only if it "is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This requires the court to undertake "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## **ARGUMENT**

**I.    Plaintiffs' New Claim for Violation of California's Unfair Competition Law (Count VI) Fails as a Matter of Law**

Plaintiffs' claim under California's Unfair Competition Law (Count VI) should be dismissed because Plaintiffs added this claim without leave of Court.  In the alternative, Count VI should be dismissed because Plaintiffs have failed to allege facts that, if proven at trial, would entitle them to relief.  Specifically, Plaintiffs have not alleged with requisite particularity reliance and unlawful, unfair, or fraudulent conduct.

**A.    Dismissal Is Proper Because Plaintiffs Added Their UCL Claim Without Leave of Court**

Plaintiffs' UCL claim was added without leave of Court.  The Court's September 22, 2015 order only allowed leave "to file a second amended complaint as specified in this Memorandum and Order."  [Dkt. No. 25 at 3.]  The Order granted Plaintiffs leave to file a Second Amended Complaint only to: (1) replace the John Doe or Jane Doe plaintiffs with an actual plaintiff for the claims under Georgia and Texas law [*id.* at 24]; (2) amend their negligent misrepresentation and unjust enrichment claims under New York, New Jersey, Pennsylvania, California, Florida, and Michigan law [*id.* at 25]; and (3) allege facts to support a claim against the two other FAGE entities initially sued [*id.* at 58].  The Order did not permit Plaintiffs to add new claims and, by pleading this additional claim under the UCL, Plaintiffs have not complied with this Court's order and have not complied with Rule 15(a), Federal Rules of Civil Procedure.  *See In re Crazy Eddie Sec. Litig.*, 792 F. Supp. 197, 203–04 (E.D.N.Y. 1992) ("Plaintiffs were not entitled to amend the Second Complaint as of right under Federal Rule of Civil Procedure 15, because they already so amended once by filing the Second Complaint . . . .  Nor did plaintiffs have leave to amend the Second Complaint.  The court therefore treats the Third Complaint as without legal effect."); 6 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal

3

Practice & Procedure § 1484 (3d ed. 2010) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.").

To be sure, Rule 15(a) contemplates that leave to amend shall be freely granted when justice so requires. Rule 15(a), however, does not contemplate that plaintiffs can engage in self-help by granting themselves leave. Moreover, justice does not require rewarding plaintiffs who fail to comply with the Federal Rules of Civil Procedure without any good cause.

### B. In the Alternative, Plaintiffs' UCL Claim Should Be Dismissed Pursuant to Rule 12(b)(6) for Failure to State a Claim.

Under California law, a UCL claimant must allege facts that, if proven at trial, establish "actual reliance" on a defendant's allegedly deceptive product labeling. *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1129 (N.D. Cal. 2014). The legal standard for actual reliance is rigorous. *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1088–89 (N.D. Cal. 2014) ("named plaintiffs [must] plead actual reliance on the misrepresentations at issue") (emphasis added).

Here, the SAC alleges only a conclusion: "Plaintiff MENDEZ purchased FAGE Greek yogurt relying on the 'Total 0%' claim on its packaging. . . ." SAC ¶ 23. Completely missing from the SAC are well-pleaded facts satisfying the UCL requirement the California plaintiffs, when buying the FAGE Total 0% yogurt, actually believed that "Total 0%" meant that the yogurt contained no sugar or calories. Nor could they plausibly have had such a belief in light of the express disclosure on the FAGE carton revealing the number of calories in the product. The Court is not obliged to accept as true legal conclusions or unsupported conclusions of fact. *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 394 (S.D.N.Y. 2009) *aff'd*, 387 F. App'x 72 (2d Cir. 2010).

4

Another essential element of a California UCL claim is unlawful, unfair, or fraudulent conduct. *Kane*, 973 F. Supp. 2d at 1129. Here, Plaintiffs' SAC is completely devoid of well-pleaded facts that satisfy this essential element of a California UCL claim. Instead, of pleading facts, Plaintiffs allege only the conclusion that FAGE acted unlawfully by violating Section 403(r) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 343(r)(1)(a) ("FDCA") and the parallel California statute, California Health & Safety Code § 110670. SAC ¶ 149. The SAC, however, is devoid of any facts that if proven at trial would constitute a violation of either Section 403(r) of the FDCA or the parallel California Code.

Section 402(r) of the FDCA, which appears at 21 U.S.C. § 343(r)(1)(a), requires in pertinent part, that any characterization of a nutrient level (such as fat or calories): (a) use terms defined in the regulations of the Secretary[2]; and (b) not state the absence of a nutrient unless the nutrient is usually present in the food. 21 U.S.C. 343(r)(2)(A)(ii). Here, FAGE's product nutrient label fully complies with this statutory requirement. (See the exemplar label reproduced in the SAC ¶ 49). Indeed, Plaintiffs' SAC alleges no specific variance between the statutory requirement and the label reproduced in their SAC at paragraph 49. Under these circumstances, Plaintiffs have pled themselves out of court. *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 324 (S.D.N.Y. 2003) ("Plaintiffs may even plead themselves out of court at the outset of their lawsuit by pleading information that defeats their legal claim . . . .").

To the extent that Plaintiffs want the Court and jury to pretend that the FAGE product nutrition label is absent from the product and to just focus on the product's brand name "FAGE Total 0%," that also is an exercise in futility under Section 402(r) of the FDCA. The SAC does not allege that the brand name "FAGE Total 0%" either use any terms that are prohibited by the

---

[2] See generally, 21 CFR Part 100-Food Labeling.

5

Secretary's regulations (it does not) or that product brand name "FAGE Total 0%" states the absence of nutrient that is not usually present in food.[3] Whether the product brand name "FAGE Total 0%" refers to the fat content, as FAGE contends, or whether the FAGE Total 0% refers to the caloric content, as Plaintiffs contend, either reference is proper under Section 402(r) of the FDCA because both fat and calories are usually present in food.

Plaintiffs also allege the conclusion that FAGE has acted "unfairly" under the UCL. For this conclusion, Plaintiffs rely on FAGE's alleged violation of the "FDCA and parallel California labeling requirements." SAC ¶ 150. As explained above, however, the SAC itself demonstrates that FAGE complied with the FDCA and the parallel California Code. Therefore, FAGE has not acted "unfairly" within the meaning of the California UCL.[4]

Finally, Plaintiffs allege that FAGE violated the "fraudulently" prong of the UCL, SAC ¶ 151, but they have failed to plead any fraud with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("The UCL prohibits 'unlawful, unfair or fraudulent business acts or practices' and 'unfair, deceptive, untrue or misleading advertising.' Rule 9(b)'s particularity requirement applies to [this] state-law cause[] of action.") (internal citation omitted). The SAC alleges only that "Plaintiff JACKSON would not have purchased Fage® Total 0% Greek yogurt, or would have paid significantly less for the product, had she known that Total 0% only referred to fat content." SAC ¶ 26. That, however, is not fraud. That is just an

---

[3] The apparent purpose of this prohibition is to prevent, for example, claiming that a product like bottled water has no saturated fat when, in fact, saturated fat is not usually present in water. This statutory prohibition has no relevance here.

[4] An allegation of "unfairness" under the California UCL must be tethered to an underlying California consumer law. *Simila v. Am. Sterling Bank*, No. 09-CV-781 JLS (CAB), 2010 WL 3988171, at *6 (S.D. Cal. Oct. 12, 2010) (applying "tethering" test and dismissing UCL claim); *Sanchez v. Bear Stearns Residential Mortg. Corp.*, No. 09-CV-2056 JLS (CAB), 2010 WL 1911154, at *7 (S.D. Cal. May 11, 2010) (allegations of unfair conduct under the UCL must be "tethered" to violation of an underlying law).

admission that Plaintiff Jackson either did not care about the caloric content of the product and/or did not bother to read the plain statement of the caloric content on the product package. Ms. Jackson either is unable to read the package label or is one of the least sophisticated consumers in the world. Yet, California state and federal courts had never applied a "least sophisticated consumer" standard absent evidence that an advertisement targeted particularly vulnerable customers. *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 512 (2003). "A representation does not become false and deceptive merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed." *Id.* at 507 (internal quotations and citation omitted); *see also Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1298 (2011) (dismissing plaintiffs' allegations that they purchased Fiji bottled water based upon an understanding that a green drop depicted on the bottles meant that Fiji bottled water was an environmentally conscious product and endorsed by an environmental organization).

Here, Plaintiffs' SAC does not allege with particularity any fraud that deceived reasonably sophisticated consumers. Under these circumstances, this court should dismiss Count VI of the SAC.

## II. Plaintiffs Fail to State a Claim Under the CLRA (Count V)

Plaintiffs' claim under the CLRA (Count V) should be dismissed because Plaintiffs have failed to comply with the CLRA's statutory prerequisites. The CLRA requires a plaintiff to send the defendant a pre-suit letter providing notice of his CLRA claim and an opportunity to cure the alleged wrongdoing. Cal. Civ. Code § 1782(a). Compliance with § 1782(a) "is necessary to state a claim," and courts require strict adherence to § 1782(a)'s requirements. *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009). Because Plaintiffs did not send

7

a pre-suit letter to FAGE and therefore have failed to state a CLRA claim, this Court should dismiss Count V of the Second Amended Complaint.

**III.  Plaintiffs Fail to State a Claim for Negligent Misrepresentation (Count IX)**

Plaintiffs' claim for negligent misrepresentation under New Jersey, Pennsylvania, California, and Florida law should be dismissed because Plaintiffs cannot base their claim on an alleged omission.

Plaintiffs allege a conclusion: namely, FAGE "misrepresented a material fact to the public," SAC ¶ 177, but fail to allege any fact that was misrepresented. Instead, Plaintiff's Negligent Misrepresent theory appears premised on the notion that FAGE omitted some material fact. For example, Plaintiffs allege that FAGE "conspicuously displays the term 'Total 0%' without specification as to what 0% refers to" and that "Defendant's omission of the qualifier 'fat' or 'milkfat' next to the 'Total 0%' materially affected [Plaintiffs'] decisions to purchase the Products." SAC ¶¶ 178, 180, 182; *see also* SAC ¶¶ 3, 37–38. This type of negligent "omission" theory, however, fails to state a claim under the laws of New Jersey, Pennsylvania, California, and Florida.

Similar to what the Court held with respect to the law in New York, New Jersey and Florida law provide that a claim for negligent misrepresentation can be based on an alleged omission only if the parties have a fiduciary relationship or other relationship of confidence. *Peruto v. TimberTech Ltd.*, Civ. A. No. 15-2166 (JBS/JS), 2015 WL 5089484, at *6 & n.9 (D.N.J. Aug. 26, 2015); *Kahama VI, LLC v. HJH, LLC*, No. 8:11-cv-2029-T-30TBM, 2013 WL 6511731, at *6 (M.D. Fla. Dec. 12, 2013). Plaintiffs' New Jersey and Florida negligent misrepresentation claims fail because Plaintiffs have not alleged any facts suggesting that the parties stood in a fiduciary or other confidential relationship requiring FAGE to disclose that

8

"0%" referred only to the yogurt's fat content. This Court made a similar finding in dismissing Plaintiff's negligent misrepresentation claim under New York law. [Dkt. No. 25 at 49.]

Under California law, a claim for negligent misrepresentation requires a "positive assertion" and cannot arise from a negligent failure to disclose information. *Thomas v. Costco Wholesale Corp.*, No. 12-cv-02908-BLF, 2014 WL 5872808, at *3 (N.D. Cal. Nov. 12, 2014). Because Plaintiffs' claim is based on Defendant's alleged failure to disclose that "0%" referred only to the yogurt's fat content, Plaintiffs' claim fails under California law.

Under Pennsylvania law, a claim for negligent misrepresentation can be based on an alleged omission only if "the defendant has previously spoken on an issue, and upon learning that he was incorrect, he fails to correct his statement." *State Coll. Area Sch. Dist. v. Royal Bank of Can.*, 825 F. Supp. 2d 573, 589 (M.D. Pa. 2011). Plaintiffs allege that "Defendant ha[d] a duty to correct the misinformation it disseminated through its advertising of the Products," SAC ¶ 186, but they do not explain how FAGE knew that the advertising was allegedly "incorrect" before Plaintiffs filed this suit, or how FAGE then failed to "correct" the statement. Further, critically, Pennsylvania law also holds that "a negligent misrepresentation claim requires an actual misrepresentation as opposed to assumptions on the part of the recipient." *State Coll. Area Sch. Dist.*, 825 F. Supp. 2d at 584 (internal quotation marks and citation omitted). Because Plaintiffs do not allege that FAGE ever affirmatively stated that "0%" referred to anything other than the yogurt's fat content, they have failed to state a claim for negligent misrepresentation under Pennsylvania law.

Under these circumstances, this Court should dismiss Count IX of the Second Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, Counts V, VI, and IX of Plaintiffs' Second Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

Dated: January 7, 2016     Respectfully submitted,

/s/Luke A. Connelly
Luke A. Connelly
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York  10166
Tel: (212) 294-6700
Fax: (212) 294-4700
lconnelly@winston.com

Kimball R. Anderson (*pro hac vice*)
Kevin P. McCormick (*pro hac vice*)
Thomas G. Weber (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
kanderson@winston.com
kmccormick@winston.com
tgweber@winston.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      The undersigned counsel for Defendant FAGE USA Dairy Industry Inc., hereby certifies that on this 7th day of January, 2016, he caused a copy of the foregoing Defendant FAGE USA Dairy Industry, Inc.'s Memorandum of Law in support of Its Partial Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint to be filed with the Court by CM/ECF and mailed by this office first class U.S. Mail, postage prepaid, to the following addresses:

              C.K. Lee
              Lee Litigation Group, PLLC
              30 East 39th Street, Second Floor
              New York, NY 10016
              (212) 465-1188

                              /s/  Luke A. Connelly