**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**ALLAN CHANG,  ROSALIE MAYES,**
**REBECCA STARR, TERESA M. COHEN,**
**KENNETH LEIBOWITZ, GILBERT MENDEZ,**
**SHARON MANIER, ANDREA NEAL,**
**BRITTANEE JACKSON, and JAMES MANIER**
**on behalf of themselves and others similarly situated,**

                      **Plaintiffs,**          **Case No.:  14-cv-03826 (MKB)**

                                        **Hon: Margo K. Brodie,U.S.D.J.**

      **v.**

**FAGE USA DAIRY INDUSTRY, INC.,  and**

                      **Defendant.**

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne M. Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

Attorneys for Plaintiffs and the Class

## TABLE OF AUTHORITIES

INTRODUCTION .................................................................................................... 1

LEGAL STANDARD.............................................................................................. 2

ARGUMENT ........................................................................................................... 3

    I. PLAINTIFFS' UNFAIR COMPETITION LAW CLAIM SHOULD NOT BE
    DISMISSED ................................................................................................. 3

        A. Dismissal is Not Proper Because Plaintiffs' UCL Claim Did Not Require
        Leave of Court ..................................................................................... 3

        B. Plaintiffs Have Alleged All Facts Necessay to Assert a UCL Claim
        under California Law ............................................................................ 5

    II. PLAINTIFFS HAVE ADEQUATELY STATED A CLAIM UNDER THE
    CLRA ......................................................................................................... 10

    III. PLAINTIFFS HAVE STATED COGNIZABLE NEGLIGENT
    MISREPRESENTION CLAIMS ............................................................... 12

        A. Plaintiffs' Negligent Misrepresentation Claims are Based on Affirmative
        Misrepresentations .............................................................................. 12

        B. Plaintiffs Have Adequately Alleged Each Element of Negligent
        Misrepresentation................................................................................ 14

CONCLUSION...................................................................................................... 15

# TABLE OF CONTENTS

## FEDERAL CASES

Ackerman v. Coca-Cola Co.,
No. CV-09-0395(JG), 2010 WL 2925955 (E.D.N.Y. July 21, 2010)................................ 8

Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,
404 F.3d 566 (2d Cir. 2005).................................................................... 4

Aetna Life Ins. Co. v. Alla Med. Servs., Inc.,
855 F.2d 1470 (9th Cir. 1988) ............................................................... 11

Ashcroft v. Iqbal,
129 S. Ct. 1937 (2009)........................................................................... 2

Bell Atl.Corp. v. Twombly,
550 U.S. 544 (2007).............................................................................. 3

Blessing v. Sirius XM Radio Inc.,
756 F. Supp. 2d 445 (S.D.N.Y. 2010)...................................................... 2

Bujitas v. Henningsen Foods, Inc.,
63 F.R.D. 660 (S.D.N.Y. 1974) .............................................................. 4

Chance v. Armstrong,
143 F.3d 698 (2d Cir. 1998).................................................................... 2

Deitz v. Comcast Corp.,
No. C 06-06352 WHA, 2006 U.S. Dist. LEXIS 94333 (N.D. Cal. Dec. 21, 2006) ................... 12

DeSoto v. Yellow Freight Sys., Inc.,
957 F.2d 655 (9th Cir. 1992) ................................................................. 4

Duncan v. Manager, Dep't of Safety, City and County of Denver,
397 F.3d 1300 (10th Cir. 2005) .............................................................. 5

Ebin v. Kangadis,
297 F.R.D. 561 (S.D.N.Y. 2014) ............................................................ 14

Famous Horse Inc. v. 5th Ave. Photo Inc.,
624 F.3d 106 (2d Cir. 2010).................................................................... 2

Federal Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.,
No. C 03-3721 VRW, 2005 WL 3325051 (N.D. Cal. Dec. 7, 2005)............................ 11

Foman v. Davis,
    371 U.S. 178 (1962).................................................................................................. 15

Garcia et al v. Kashi Company and The Kellogg Company,
    Case No. 12-cv-21678 (S.D. Fla. 2014)................................................................. 15

Guzman v. Bevona,
    90 F.3d 641 (2d. Cir. 1996).................................................................................... 4

Hanley v. Chicago Title Ins. Co., No. 12-cv-4418,
    2013 WL 3192174 (S.D.N.Y. June 24, 2013) ...................................................... 2

Hanlin v. Mitchelson, 794 F.2d 834 (2d Cir. 1986)....................................................... 4

Hells Canyon Pres. Council v. U.S. Forest Serv.,
    403 F.3d 683 (9th Cir. 2005) ................................................................................. 3

Henderson v. Gruma Corp., No. CV 10-4173,
    2011 U.S. Dist. LEXIS 41077 (C.D. Cal. Apr. 11, 2011) ........................... 11,12

In re Mattel, Inc., 588 F. Supp. 2d 1111 (C.D. Cal. 2008) .......................................... 11

Keilholtz v. Superior Fireplace Co., No. C 08-00836 CW,
    2009 U.S. Dist. LEXIS 30732 (N.D. Cal. Mar. 30, 2009).................................. 12

Kennedy v. Natural Balance Pet Foods, Inc., No. 07-CV-1082 H (RBB),
    2007 U.S. Dist. LEXIS 57766 (S.D. Cal. Aug. 7, 2007))................................... 12

Rikos v. P&G, 782 F. Supp. 2d 522 (S.D. Ohio 2011) ................................................. 11

Schreiber Distrib. Co. v. ServWell Furniture Co.,
    806 F.2d 1393, 1401 (9th Cir. 1986) .................................................................... 4

Smith v. Lincoln Ben. Life Co.,
    395 Fed. Appx. 821 (3d Cir. 2010)....................................................................... 15

Spanierman Gallery, PSP v Love,
    320 F. Supp. 2d 108 (S.D.N.Y. 2004)................................................................... 4

Starr v. Sony BMG Music Entertainment,
    592 F.3d 314, 321 (2d. Cir. 2010)......................................................................... 3

*Util. Consumers' Action Network v. Sprint Solutions, Inc.*, No. C07- cv-2231-W (RJB),
    2008 U.S. Dist. LEXIS 34159, at *19 (S.D. Cal. Apr. 25, 2008)...................... 12

Watts v. Jackson Hewitt Tax Serv. Inc.,
    579 F. Supp. 2d 334 (E.D.N.Y. Aug. 16, 2008) ................................................. 3

Williams v. Gerber Prods, Inc.,
    552 F.3d 934 (9th Cir. 2008) ............................................................... 8

Woods v. Maytag Co.,
    807 F. Supp. 2d 112 (E.D.N.Y. 2011) ............................................... 2

## STATE CASES

Barquis v. Merchants Collections Assn.,
    7 Cal.3d 94, 496 P.2d 817, 101 Cal.Rptr. 745 (1972) ..................................... 1

Bilt-Rite Contractors, Inc. v. The Architectural Studio,
    581 Pa. 454 (2005) ........................................................................... 15

Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co., 20 Cal.4th 163,
    83 Cal.Rptr.2d 548, 561, 973 P.2d 527 (1999) ................................... 5

Day v. AT&T Corp.,
    63 Cal. App. 4th 325 (1998) ............................................................... 7

Engalla v. Permanente Med. Grp., Inc.,
    15 Cal.4th 951 (1997) ....................................................................... 6

In re Tobacco II Cases,
    46 Cal.4th 298, 311, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009) ........................... 6

Kagan v. Gibraltar Sav. Loan Assoc.,
    35 Cal. 3d 582 (1984) ....................................................................... 12

Morgan v. AT&T Wireless Services, Inc.,
    177 Cal.App.4th 1235 (Cal.App. 2009) ............................................. 12

South Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal.App.4th 861, 85
    Cal.Rptr.2d 301, 316-317 (1999) ....................................................... 5

State Farm Fire & Cas. Co. v. Superior Court, 45 Cal.App.4th 1093, 1104, 53
    Cal.Rptr.2d 229 (Sup.Ct. 1996) ......................................................... 9

Wilner v. Sunset Life Ins. Co.,
    78 Cal.App.4th 952, 93 Cal.Rptr.2d 413 (Ct.App. 2000) .................... 9

## STATUTES

21 U.S.C. 343(r)(2)(A)(ii) ............................................................................... 8

21 U.S.C. § 343(r)(1)(a) ................................................................................................ 6,8

21 U.S.C. § 393(b)(2)(A) .................................................................................................. 9

Cal. Bus. & Prof. Code § 17200 ................................................................................. 1,2,5

Cal. Civ. Code § 1750 et seq............................................................................... passim

Cal. Civ. Code § 1781 ...................................................................................................... 11

Cal. Civ. Code § 1782(a) .............................................................................................11,12

Cal. Civ. Code § 1782(d) ................................................................................................. 12

Cal. Health & Safety Code § 110670................................................................................ 6

## **RULES**

Fed. R. Civ. P. 8(a) ........................................................................................................... 2

Fed. R. Civ. P. 12(b) ........................................................................................................ 11

Fed. R. Civ. P. 12(b)(6)................................................................................................. 2,11

Fed. R. Civ. P. 12(g) .................................................................................................. 10,11

Fed. R. Civ. P. 15(a) .......................................................................................................... 4

Fed. R. Civ. P. 15(a)(2)...................................................................................................... 3

When a scheme is evolved which on its face violates the fundamental rules of honesty and fair dealing, a court of equity is not impotent to frustrate its consummation because the scheme is an original one. There is a maxim as old as law that there can be no right without a remedy, and in searching for a precise precedent, an equity court must not lose sight, not only of its power, but of its duty to arrive at a just solution of the problem.

Barquis v. Merchants Collections Assn., 7 Cal.3d 94, 111-112 (1972)

## **INTRODUCTION**

Plaintiffs hereby respectfully submit this Opposition to Defendant FAGE USA DAIRY INDUSTRY, INC.'s (herein "Fage" or "Defendant") Partial Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("Def. Mem.").

Pursuant to the Court's September 22, 2015 Order, granting in part and denying in part Defendant's first Motion to Dismiss, Plaintiffs filed their Second Amended Complaint ("SAC") on November 5, 2015. [Dkt. No. 30.] The SAC set forth the following allegations against Defendant: (1) deceptive acts or practices in violation of the New York General Business Law, N.Y. Gen. Bus. Law § 349; (2) violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq.; (3) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1 et seq.; (4) unlawful business acts and practices in violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq.; (5) unfair competition in violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (6) violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq.; (7) violations of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 et seq.; (8) negligent misrepresentation under the laws of California, New Jersey, Pennsylvania and Florida; and (9) unjust enrichment under the laws of California, Florida and Michigan.

In their Second Amended Complaint, Plaintiffs (i) cured each deficiency cited by the Court in its September 22, 2015 Order, (ii) added a related claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 and (iii) limited Plaintiffs' negligent misrepresentation and unjust enrichment claims to the states in which Plaintiffs reside. Defendant continues to argue that Plaintiffs have failed to state plausible claims, or alternatively, that Plaintiffs have not met the requirements of Counts V, VI, or IX. For the reasons stated below, Defendant's Partial Motion to Dismiss must be swiftly turned aside.

## LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the test is whether the plaintiff is entitled to offer evidence to support his/her claim, not whether he/she is ultimately likely to prevail. See Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). A court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." Hanley v. Chicago Title Ins. Co., No. 12- 4418, 2013 WL 3192174, at *2 (S.D.N.Y. June 24, 2013) (citing Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010)). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and …determine whether they plausibly give rise to an entitlement of relief." Woods v. Maytag Co., 807 F. Supp. 2d 112, 118–19 (E.D.N.Y. 2011) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)) (denying motion to dismiss GBL section 349 claim).   It is respectfully submitted that the clear and unambiguous factual allegations in the Second Amended Complaint render Plaintiffs' claims more than plausible, satisfy the notice pleading standard of Fed. R. Civ. P. 8(a), and are patently sufficient to sustain the nationwide class claims upon which this action is predicated.

The detailed facts alleged in the Second Amended Complaint render Plaintiffs' claims more than plausible, and therefore, Defendants' motion to dismiss should be denied. Plaintiffs have asserted factual allegations sufficient "'to raise a right to relief above the speculative level.'" Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2d. Cir. 2010); Watts v. Jackson Hewitt Tax Serv. Inc., 579 F. Supp. 2d 334, 343-44 (E.D.N.Y. Aug. 16, 2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## ARGUMENT

## I. PLAINTIFFS' UNFAIR COMPETITION LAW CLAIM SHOULD NOT BE DISMISSED

This Court should not dismiss Plaintiffs' UCL claim because the federal standard for granting leave to amend is lenient and none of the grounds on which leave to amend could be denied exists. As the SAC was Plaintiffs' first opportunity to address deficiencies identified by the Court's order, Defendant's UCL claim should proceed.

### A. Dismissal is Not Proper Because Plaintiffs' UCL Claim Did Not Require Leave of Court

Plaintiffs' UCL claim did not require leave of court.  In granting Plaintiffs thirty (30) days' leave to file a second amended complaint "as specified in this Memorandum and Order," the Court merely qualified the parameters of the claims addressed in the First Amended Complaint. The Court did not preclude Plaintiffs from adding related claims in their Second Amended Complaint. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."[1] Here the Court has already granted leave for an amendment and it is

---

[1] Rule 15 was amended in 2009. Prior to that amendment, it provided that a party could amend once as a matter of course at any time before a responsive pleading was served, or within twenty days of service if no responsive pleading was permitted and the case was not on the court's trial calendar. Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 688–89 (9th Cir. 2005). Otherwise, a party could amend only with leave of court or consent of the opposing party. Id. at 689.

reasonable to include other ancillary claims so that discovery can proceed with all relevant claims exposed.

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. ServWell Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). The Supreme Court has emphasized that the mandate of liberality "is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The Second Circuit and district courts within this Circuit have similarly held that the extremely liberal policy of Rule 15(a) favors amendment in the absence of "undue delay, bad faith, futility of the amendment, [or]… resulting prejudice." Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 603 (2d Cir. 2005). Indeed, free leave to amend has been found appropriate even when the request is made well after discovery, up to the eve of trial. Guzman v. Bevona, 90 F.3d 641, 649 (2d. Cir. 1996); Hanlin v. Mitchelson, 794 F.2d 834, 840-41 (2d Cir. 1986).

Fage cannot claim any prejudice, since the UCL claim is based on facts of which they have been long aware and merely elaborate claims asserted in Plaintiffs' First Amended Complaint. See Spanierman Gallery, PSP v Love, 320 F. Supp. 2d 108, 113 (S.D.N.Y. 2004) (allowing amendment because "the new facts alleged involve the same basic premise as the original complaint" and "[d]efendants can hardly be heard to complain of undue delay or prejudice because the case has nor even proceeded to discovery"); Bujitas v. Henningsen Foods, Inc., 63 F.R.D. 660, 662 (S.D.N.Y. 1974) (no prejudice because "theory of plaintiffs' action will remain the same," and "the proofs will remain the same"). Here, Plaintiffs' UCL claim is predicated on the misrepresentations and concealments already alleged in every other Count of

4

the First Amended Complaint. No new facts have been injected into Plaintiffs' UCL claim in the Second Amended Complaint, and as such, the UCL claim does not call for a new or different analysis from the Court than that already expressed in its Order on Defendant's first Motion to Dismiss. Moreover, discovery has not yet commenced and Defendant will not suffer any prejudice or undue delay. Absent the presence of bad faith, undue delay, failure to cure deficiencies by previous amendments, or undue prejudice to the opposing party, which do not exist here, leave to amend should be freely given. See Foman, 371 U.S. at 182; see also Duncan *v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). Therefore, Plaintiffs' UCL claim should not be dismissed.

### B. Plaintiffs Have Alleged All Facts Necessay to Assert a UCL Claim under California Law

The UCL is a broad remedial statute that permits an individual to challenge wrongful business conduct "in whatever context such activity might occur." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co., 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 561, 973 P.2d 527 (1999) (citation omitted).   It prohibits "unfair competition," which it broadly defined as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.Code § 17200.   Because the statute is written in the disjunctive, it is violated where a defendant's act or practice is (1) unlawful, (2) unfair, (3) fraudulent, or (4) in violation of section 17500 (false or misleading advertisements). Cel-Tech, 83 Cal.Rptr.2d at 565, 973 P.2d 527. Each prong of the UCL is a separate and distinct theory of liability; thus, the "unfair" practices prong offers an independent basis for relief. South Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal.App.4th 861, 85 Cal.Rptr.2d 301, 316-317 (1999) (citation and quotation omitted).

5

Plaintiffs have adequately alleged all elements of their UCL "unlawful" claim. As set forth in the Second Amended Complaint, Defendant is liable for violating California's UCL "unlawful" prong by violating Section 403(r) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. 343(r)(1)(a), California Health & Safety Code § 110670, the CLRA, and other applicable law. SAC ¶ 149. The SAC also makes clear that Fage violated the "fraudulent" prong of the UCL by misleading the California Plaintiffs and the California Class to believe that the Products were healthier than they were and that by way of the Total 0% claim, the Products were of a nature and quality which they were not. SAC ¶ 151. Defendant's packaging and marketing caused Plaintiffs to believe that its Total 0% claim was lawful, true and not intended to deceive or mislead the consumers. Id.

In its current Motion, Defendant argues that Plaintiffs' have failed to allege "actual reliance" on its product labeling. Def. Mem. at 4. However, actual reliance does not require that the misrepresentation was the "predominant" or "decisive" factor in a plaintiff's decision to purchase the product; instead, the misrepresentation must have only been a "substantial factor" in the decision. In re Tobacco II Cases, 46 Cal.4th at 326-27. As the Supreme Court of California has explained in the UCL context, "[a] presumption, or at least an inference, of reliance arises whenever there is a showing that the misrepresentation was material." In re Tobacco II Cases, 46 Cal.4th at 327 (quoting Engalla v. Permanente Med. Grp., Inc., 15 Cal.4th 951, 977 (1997). A misrepresentation is "judged to be 'material' if a reasonable man would attach importance to its existence or nonexistence in determining his choice in the transaction in question." In re Tobacco II Cases, 46 Cal.4th at 327 (internal quotation marks omitted)

Plaintiffs here have more than adequately alleged causation and reliance. For instance, the SAC makes the following allegations with regard to California Plaintiff Mendez's reliance:

6

- Plaintiff MENDEZ purchased Fage® Greek yogurt relying on the "Total 0%" claim on its packaging. SAC ¶ 23.
- At the time of purchase, Plaintiff MENDEZ did not know that the term "Total 0%" did not refer to sugar, caloric content, carbohydrates, sodium or other content he deemed unhealthy. SAC ¶ 23.
- Plaintiff MENDEZ would not have purchased Fage® Total 0% Greek yogurt, or would have paid significantly less for the product, had he known that Total 0% only referred to fat content. SAC ¶ 23.
- Plaintiff MENDEZ was reasonably misled by Defendant's mischaracterization of the contents because the "Total 0%" label made the products appear healthier than they were. SAC ¶ 23.
- Plaintiff MENDEZ particularly relied on Defendant's false and misleading representations regarding the Total 0% claims on the Products as he is diabetic. SAC ¶ 23.

The well-pled allegations above provide a sufficient causal nexus between the alleged conduct and Plaintiff Mendez's injury to establish actual reliance as it pertains to Plaintiffs' UCL claim. At its core, Defendant's motion boils down to the argument that Defendant, as a matter of law, should be permitted to package its Products misleadingly with impunity. Defendant's argument defies common sense, notions of fairness and equity, and the established law. In Gerber, the Ninth Circuit made clear that granting a motion to dismiss a UCL claim is only appropriate in "rare situation[s]," for example when "the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." Id. at 939 (emphasis added)). Even a true advertisement can be deceptive and thus actionable under the UCL if "couched in such a manner that is likely to mislead or deceive the consumer." Day v. AT&T Corp., 63 Cal. App. 4th 325, 332-33 (1998). In this action, this Court has already declined to dismiss Plaintiffs' claims on the basis of the reasonable consumer prong.

Fage has recycled the same arguments from its previous Motion in an attempt to justify dismissal of Plaintiffs' UCL claim. Defendant argues that Plaintiffs could not plausibly have been misled by its "Total 0%" representation, given the express disclosures on its product labels.

Def. Mem. at 4. "[T]he presence of a nutritional panel, though relevant, does not as a matter of law extinguish the possibility that reasonable consumers could be misled by [the defendant]'s labeling and marketing." Ackerman v. Coca-Cola Co., No. 09- CV-0395, 2010 WL 2925955, at *16 (E.D.N.Y. July 21, 2010). As stated by this Court in its September 22, 2015 Order:

> Here, although Defendants claim the Nutrition Facts "prohibit[] as a matter of law any claim that consumers could be misled," (Defs. Mem. 9), the Court is persuaded by Ackerman and Williams and agrees with Plaintiffs that the Nutrition Facts do not, as a matter of law, foreclose the possibility that a reasonable consumer would likely be misled by Defendants' Total 0% Products [Dkt. No. 25.]

To the extent Defendant argues that Plaintiffs have not alleged the conduct was unlawful, the SAC more than adequately alleges facts that if proven at trial would constitute violations of Section 403(r) of the FDCA or the parallel California Code. Section 402(r) of the FDCA, which appears at 21 U.S.C. § 343(r)(1)(a), requires that any characterization of a nutrient level: (a) use terms defined in the regulations of the Secretary; and (b) not state the absence of a nutrient unless the nutrient is usually present in the food. 21 U.S.C. 343(r)(2)(A)(ii). As fat and sugar are nutrients that would be expected to be present in yogurt, and Plaintiffs allege that "Total 0%" is deceptive with regard to the absence of fat and sugar, Plaintiffs have adequately alleged facts that would constitute a violation of Secrion 403(r). At trial, Plaintiffs seek to establish that "Total 0%" implies the absence of several nutrients of concern to Plaintiffs and the Class. This is supported by Plaintiffs' fact-findings. Based on Plaintiffs' consumer survey investigations conducted in 2015, approximately 60% of the consumer pool tested believed that the phrase "Total 0%" suggested yogurt contained something other than solely 0% milkfat. SAC ¶ 51. Such high percentage of confused consumers demonstrates that Defendant's packaging is misleading to a reasonable consumer. Id.

Plaintiffs have also provided sufficient facts to suggest that Fage acted "unfairly" under the UCL. A business practice is "unfair" for the purposes of a claim under the UCL when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Wilner v. Sunset Life Ins. Co., 78 Cal.App.4th 952, 965, 93 Cal.Rptr.2d 413 (Ct.App.2000) (citing State Farm Fire & Cas. Co. v. Superior Court, 45 Cal.App.4th 1093, 1104, 53 Cal.Rptr.2d 229 (Sup.Ct.1996)). "The test of whether a business practice is unfair 'involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." Id.

Plaintiffs' UCL claims here should not be dismissed for the same reasons Plaintiffs consumer fraud claims were not dismissed by this Court. Plaintiffs have pled sufficient facts to state a claim. The SAC states that Defendant's conduct "is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. See SAC ¶ 150. Plaintiffs also state that Defendant's advertising is of no benefit to consumers, and its failure to comply with the FDCA and parallel California labeling requirements and deceptive advertising concerning the nature and effectiveness of the Products offends the public policy advanced by the FDCA "to protect the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. § 393(b)(2)(A). Id. Plaintiffs have more than adequately alleged facts under the UCL-unfair prong.

## II. PLAINTIFFS HAVE ADEQUATELY STATED A CLAIM UNDER THE CLRA

Initially, it is important to note that this Court is well within its authority to deny Defendant's Motion as being in violation of Rule 12(g) of the Federal Rules of Civil Procedure, which prevents successive motions based on arguments and theories that could have been raised in previous motions to dismiss but were not. This is the exact case currently before the Court, as Defendant has blatantly disregarded FRCP 12(g) through its piecemeal motion practice.

Specifically, Fage's current argument – that Plaintiffs' claim under the CLRA should be dismissed because Plaintiffs did not comply with the CLRA's pre-suit notice requirement– was an argument that was readily available to it when it filed its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint [Dkt. No. 19.] Yet it failed to do so. At no point in its previous Memorandum in Support of its Motion, did Defendant argue for dismissal of any portion of Plaintiffs' CLRA claim based of pre-suit notice. [Dkt. No. 20.] Rather, the only reference to Plaintiffs' CLRA claim (Count V ) in Defendant's first Motion to Dismiss, was with regard to the substance of the allegations. Fage argued that Plaintiffs' claims failed as a matter of law because (i) reasonable consumers could not be misled by its conduct, (ii) Plaintiffs insufficiently alleged damages, and (iii) Plaintiffs failed to allege causation. Id. Upon reviewing Plaintiffs' more than adequately pled allegations, this Court declined to dismiss the FAC on the basis of the reasonable consumer prong. The Court also found Plaintiffs' premium price allegations sufficient to allege injury and their allegations regarding Fage's deceptive acts or practices, sufficient to establish causation.

Having lost its previous Motion on every substantive ground alleged, Defendant now claims it is not on notice as to Plaintiffs' claims. Under Rule 12(g), "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that

was available to the party but omitted from its earlier motion." Thus "a series of [Rule12(b)(6)] motions should not be permitted because that results in delay and encourages dilatory tactics." *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470 (9th Cir. 1988); *see Federal Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*, No. C 03-3721 VRW, 2005WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005) ("[T]he weight of authority...holds that where the complaint is amended after the defendant has filed a Rule 12(b) motion, the defendant may not thereafter file a Second Rule 12(b) motion asserting objections or defenses that could have been asserted in the first motion."). Notably, as Defendant filed an Answer to the FAC subsequent to filing its first Motion to Dismiss, it impliedly acknowledged notice of Plaintiffs' CLRA claims and had more than 30 days to correct the alleged wrongdoing, the remedial purpose of the notice requirement.

Even if the Court were to find that Plaintiffs failed to comy with the CLRA's statutory prerequisite, Plaintiffs' CLRA claim should proceed because the CLRA notice requirement is specific to "damages." Cal. Civil Code § 1782(a). Indeed, "the California legislature specifically enumerated the different types of CLRA actions in Cal. Civil Code § 1781, which distinguishes between actions seeking 'damages,' 'injunctive relief,' and 'restitution." *Rikos v. P&G*, 782 F. Supp. 2d 522, 540-41 (S.D. Ohio 2011). As Plaintiffs' CLRA claim not only seeks damages, but seeks to "enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged" (SAC ¶ 140) and also seeks "restitution of any ill-gotten due to Defendant's acts and practices"

"[T]he legislature's specific requirement of notice only [applies] in actions 'for damages' in Section 1782(a)." *Rikos* at 540-41; *see also In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1119 (C.D. Cal. 2008) ("restitution and disgorgement [] do not appear to be 'damages' for purposes of the CLRA"); *Henderson v. Gruma Corp.*, No. CV 10-4173 AHM(AJWx), 2011 U.S. Dist.

LEXIS 41077, at *27-*28 (C.D. Cal. April 11, 2011) (restitution and disgorgement are not damages for purposes of CLRA); *Util. Consumers' Action Network v. Sprint Solutions, Inc.*, No. C07- cv-2231-W (RJB), 2008 U.S. Dist. LEXIS 34159, at *19 (S.D. Cal. Apr. 25, 2008) (damages and restitution "are identified as separate forms of relief [in] Cal. Civil Code § 1780(a). Pre-filing notice is not required for a CLRA claim for restitution."); Kennedy v. Natural Balance Pet Foods, Inc., No. 07-CV-1082 H (RBB), 2007 U.S. Dist. LEXIS 57766, at *8-*9 (S.D. Cal. Aug. 7, 2007) (same).[2] To the extent Plaintiffs' SAC seels injunctive relief, that claim may proceed in light of § 1782(d). See Kagan v Gibraltar Sav. Loan Assoc., 35 Cal.3d 582, 591 (1984) ("This notice requirement need not be complied with in order to bring an action for injunctive relief."). Therefore, Defendants' challenge to plaintiff's CLRA notice should be rejected.

## III. PLAINTIFFS HAVE STATED COGNIZABLE NEGLIGENT MISREPRESENTION CLAIMS

### A. Plaintiffs' Negligent Misrepresentation Claims are Based on Affirmative Misrepresentations

Next, Defendant argues that Plaintiffs' claim for negligent misrepresentation under New Jersey, Pennsylvania, California, and Florida law should be dismissed because Plaintiffs cannot base their claim on an alleged omission. Def. Mem. at 8. Defendant conveniently ignores that Plaintiffs' claims are not based merely on a theory of omission, but of affirmative misrepresentation. As part of Defendant's selective amnesia, it has cited sections of the SAC

---

[2] Defendants are also wrong that CLRA damages are dismissed – with prejudice – if the plaintiff does not strictly comply with Civil Code § 1782(a) notice. Dkt. 8-1 at 8-9. Instead, the damage claims are dismissed without prejudice until 30 days after plaintiff complies with the notice requirements. Morgan v. AT&T Wireless Services, Inc., 177 Cal.App.4th 1235 at 1261(Cal.App. 2009) (disagreeing with federal district court cases that dismissed CLRA claims with prejudice); Blessing v. Sirius XM Radio Inc., 756 F. Supp. 2d 445, 457-58 (S.D.N.Y. 2010) (refusing to dismiss CLRA claim because "the notice provided achieved the Acts goals"); Deitz v. Comcast Corp., No. C 06-06352 WHA, 2006 U.S. Dist. LEXIS 94333, at *15-*16 (N.D. Cal. Dec. 21, 2006); Keilholtz v. Superior Fireplace Co., No. C 08-00836 CW, 2009 U.S. Dist. LEXIS 30732, at *7-*8 (N.D. Cal. Mar. 30, 2009).

which all reference Defendant's acts of omission. However, as clearly shown throughout the

SAC, "Total 0%" is a representation, in and of itself and one which provides Plaintiffs with its

own grounds for relief for negligent misrepresentation. The SAC alleges as follows:

- Defendant, directly or through its agents and employees, <u>misrepresented a material fact</u> to the public, <u>made false representations</u>, concealments, and nondisclosures to Plaintiffs.... See SAC ¶ 177.

- Defendant, through its labeling, advertising and marketing of its Fage® Total 0% Greek yogurt Products, <u>makes uniform representations</u> regarding the Products. Defendant conspicuously <u>displays the term "Total 0%"</u>. See SAC ¶ 178.

- The labeling is deceptive and misleading because a reasonable consumer looking at the label is likely to believe that the Products contain 0 calories, 0% sugar, 0% carbohydrates, or may impute any other nutrient content meaning rather than just milkfat, as is the case with the Products. See SAC ¶ 178.

- Plaintiffs…with Negligent Misrepresentation Claims <u>reasonably relied on Defendant's representations</u> as to the quality and nature of the Products, as alleged herein. See SAC ¶ 179.

- Defendant, <u>in making the misrepresentations</u> and omissions, and in doing the acts alleged above, <u>knew or reasonably should have known that the representations were not true</u>. <u>The Products do not lack sugar, carbohydrates, calories, or other content</u> which a reasonable consumer may believe is unhealthy, such as sodium or cholesterol. See SAC ¶ 181.

- Defendant made and <u>intended the misrepresentations to induce the reliance</u> of Plaintiffs. See SAC ¶ 183.

- Defendant has a <u>duty to correct the misinformation it disseminated through its advertising</u> of the Products. See SAC ¶ 186.

- By and through such deceit, <u>misrepresentations</u> and/or omissions, Defendant intended to induce Plaintiffs … to alter their position to their detriment. See SAC ¶ 187.

- Plaintiffs … <u>relied upon these false representations</u> and nondisclosures by Defendant when purchasing the Products displaying "Total 0%" on the top and front label Product packaging and as part of Defendant's marketing campaign. See SAC ¶ 187.

As illustrated above, Plaintiffs have adequately pled a misrepresentation of material fact. Defendant has failed to explain how Plaintiffs' affirmative representations above are not explicitly false representations. Moreover, each individual Plaintiff seeking relief for negligent misrepresentation has stated that they purchased the products at issue "relying on the Total 0% claim on its packaging…because the "Total 0%" label made the products appear healthier than they were. See SAC ¶¶ 17-26.

**B. Plaintiffs Have Adequately Alleged Each Element of Negligent Misrepresentation**

Defendant's claim that Plaintiffs need to demonstrate heightened requirements of a fiduciary relationship between the parties is also unfounded. Recently, in Ebin v. Kangadis, 297 F.R.D. 561 (S.D.N.Y. 2014), olive oil consumers brought a putative class action against a seller, alleging, inter alia, fraud and negligent misrepresentation under New York and New Jersey law based on the seller marketing pomace oil as "100% Pure Olive Oil." Despite plaintiffs' relatively simple claim with no inference to "a special duty with [defendant], plaintiffs' negligent misrepresentation claim survived motion to dismiss, and the court further granted plaintiffs' motion for class certification. Id. at 570. Plaintiffs here do not need to allege a fiduciary relationship because their negligent misrepresentation claims are not based solely on the allegation that Fage failed to disclose what "0" referred to, but more importantly, the affirmative misrepresentation "Total 0%" caused Plaintiffs to believe the products were healthier than they were. See SAC ¶¶ 5, 8.

With regard to Florida Plaintiffs' claims for negligent misrepresentation, Defendant also argues that the claim fails because Plaintiffs have not alleged facts suggesting the parties "stood in a fiduciary or other confidential relationship." Defendant's Motion should be denied for the same reasons above – Plaintiffs have provided sufficient facts to establish that Fage's labeling of

14

the product as "Total 0%" is an affirmative representation. In a similar action, a Florida district court denied Defendant's motion to dismiss plaintiffs' negligent misrepresentation claim. See Garcia et al v. Kashi Company and The Kellogg Company, Case No. 12-cv-21678, Docket No. 99 (S.D. Fla. 2014) (finding that plaintiffs stated a claim for negligent misrepresentation with respect to the "all natural" and "nothing artificial" representations on the product labeling). Plaintiffs in Garcia had alleged that defendants "negligently represented that the Products have nothing artificial and are all "ALL NATURAL," when in fact, they are not because it contains GMOs." Garcia et al v. Kashi Company and The Kellogg Company, Case No. 12-cv-21678, Docket No. 48 (S.D. Fla. 2013). Similarly, Plaintiffs here allege that "Total 0%" is a negligent misrepresentation of material fact. See SAC ¶¶ 177-178.

Under Pennsylvania law, a negligent misrepresentation claim has four elements: "1) a misrepresentation of a material fact; 2) made under circumstances in which the misrepresenter ought to have known its falsity; 3) with an intent to induce another to act on it; and 4) which results in injury to a party acting in justifiable reliance on the misrepresentation." Smith v. Lincoln Ben. Life Co., 395 Fed. Appx. 821, 824 (3d Cir. 2010) (citing Bilt-Rite Contractors, Inc. v. The Architectural Studio, 581 Pa. 454 (2005)). Where the claim is based on an affirmative representation, there is no requirement that there be a special relationship between the parties. As described above, Plaintiffs' allegations are sufficiently detailed and Plaintiffs have adequately pled a misrepresentation of material fact. As such, Defendant's argument based solely on a theory of omission is moot.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny Defendant's Partial Motion to Dismiss in its entirety.

Dated: January 28, 2016

Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

/s/ C.K. Lee_____

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
Attorneys for Plaintiffs and the Class

16