UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLAN CHANG, ROSALIE MAYES, REBECCA STARR, TERESA M. COHEN, KENNETH LEIBOWITZ, GILBERT MENDEZ, SHARON MANIER, ANDREA NEAL, BRITTANEE JACKSON, JAMES MANIER, on behalf of themselves and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>FAGE USA DAIRY INDUSTRY, INC., <br><br>Defendant. | Case No. 14-CV-3826(MKB) <br><br> Hon. Margo K. Brodie, U.S.D.J. |

**FAGE'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

Attorneys for Defendant

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    I.    Plaintiffs' UCL Claim (Count VI) ........................................................................ 2

        A.    Plaintiffs Admit They Had No Basis to Bring the UCL Claim in the SAC ............................................................................................... 3

        B.    Plaintiffs Cannot Satisfy the Fraud Prong of the UCL ............................... 4

        C.    Plaintiffs Have Misconstrued the FDCA ..................................................... 5

        D.    Plaintiffs Have Not Adequately Pled Reliance ............................................ 6

    II.    Plaintiffs' CLRA Claim (Count V) ........................................................................ 6

        A.    The Court Can Consider FAGE's Request to Dismiss the CLRA Claim ........................................................................................................... 7

        B.    All Monetary Relief Is Barred Under the CLRA by Virtue of Plaintiffs' Failure to Provide Pre-Suit Notice and Plaintiffs Lack Standing to Pursue Their CLRA Claim on Other Grounds ........................ 8

    III.    Plaintiffs' Negligent Misrepresentation Claims (Count IX) .................................. 9

CONCLUSION .................................................................................................................... 10

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allstate Ins. Co. v. Elzanaty*,
　929 F. Supp. 2d 199 (E.D.N.Y. 2013) ...................................................................................7

*Anschutz Corp. v. Merrill Lynch & Co. Inc.*,
　785 F. Supp. 2d 799 (N.D. Cal. 2011) ...................................................................................9

*Berman v. Parco*,
　986 F. Supp. 195 (S.D.N.Y. 1997) ........................................................................................3

*Cnty. of Santa Clara v. Atl. Richfield Co.*,
　40 Cal. Rptr. 3d 313 (Cal. Ct. App. 2006) .............................................................................9

*Cnty. of Washington v. Cntys. of Warren & Washington Indus. Dev. Agency*,
　177 F.R.D. 119 (N.D.N.Y. 1998) ...........................................................................................3

*Cohen v. Telsey*,
　Civ. No. 09-2033, 2009 WL 3747059 (D.N.J. Nov. 2, 2009) ................................................9

*Cooper v. Pickett*,
　137 F.3d 616 (9th Cir. 1997) ..................................................................................................4

*Cuevas v. United Brands Co.*,
　No. 11cv991, 2012 WL 760403 (S.D. Cal. Mar. 8, 2012) .....................................................8

*Dabish v. Infinitelabs, LLC*,
　No. 13-cv-2048, 2014 WL 4658754 (S.D. Cal. Sept. 17, 2014) ............................................8

*Davis v. Chase Bank U.S.A., N.A.*,
　650 F. Supp. 2d 1073 (C.D. Cal. 2009) ..................................................................................6

*Dorchester Investors v. Peak Trends Trust*,
　No. 99 Civ. 4696, 2002 WL 272404 (S.D.N.Y. Feb. 26, 2002) .............................................7

*Esposito v. I-Flow Corp.*,
　No. 10-CV-3883, 2011 WL 5041374 (E.D. Pa. Oct. 24, 2011) .............................................9

*Figy v. Frito-Lay N. Am., Inc.*,
　67 F. Supp. 3d 1075 (N.D. Cal. 2014) ....................................................................................6

*Friedman v. Merck & Co.*,
　131 Cal. Rptr. 2d 885 (Cal. Ct. App. 2003) ...........................................................................9

*In re Crazy Eddie Sec. Litig.*,
   792 F. Supp. 197 (E.D.N.Y. 1992) ..................................................................................3

*In re Parmalat Sec. Litig.*,
   497 F. Supp. 2d 526 (S.D.N.Y. 2007)..............................................................................7

*J'Aire Corp. v. Gregory*,
   598 P.2d 60 (Cal. 1979) ..............................................................................................9, 10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .........................................................................................4

*Oxina v. Lands' End. Inc.*,
   No. 14-cv-2577, 2015 WL 4272058 (S.D. Cal. June 19, 2015) .....................................8

*Patel v. Contemporary Classics of Beverly Hills*,
   259 F.3d 123 (2d Cir. 2001).............................................................................................8

*Postel Indus., Inc. v. Abrams Grp. Constr., L.L.C.*,
   No. 6:11-CV-1179-ORL-28DAB, 2012 WL 4194660 (M.D. Fla. Sept. 19, 2012)...................9

*Sharma v. Skaarup Ship Mgmt. Corp.*,
   699 F. Supp. 440 (S.D.N.Y. 1988)...................................................................................8

*State Coll. Area Sch. Dist. v. Royal Bank of Canada*,
   825 F. Supp. 2d 573 (M.D. Pa. 2011) .......................................................................9, 10

*United States v. West Prods., Ltd.*,
   No. 95 Civ. 1424, 1997 WL 668210 (S.D.N.Y. Oct. 27, 1997) .....................................3

*Vega v. State Univ. of N.Y. Bd. of Trs.*,
   No. 97 Civ. 5767(DLC), 2000 WL 381430 (S.D.N.Y. Apr. 13, 2000) ......................2, 7

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .........................................................................................4

**STATUTES**

21 U.S.C. § 343(r)(1)(a)................................................................................................1, 5

21 U.S.C. § 343(r)(2)(A)(ii)..............................................................................................5

Cal. Bus. & Prof. Code § 17200 ......................................................................................1

Cal. Civ. Code § 1750 *et seq.*..........................................................................................1

Cal. Civ. Code § 1782(a) ..................................................................................................6

**OTHER AUTHORITIES**

21 C.F.R. § 101.13(e) ............................................................................................................5

Fed. R. Civ. P. 9(b) ....................................................................................................... passim

Fed. R. Civ. P. 12(b)(6) .........................................................................................................10

Fed. R. Civ. P. 12(c) ...............................................................................................................7

Fed. R. Civ. P. 12(g) ...............................................................................................................7

Fed. R. Civ. P. 15(a)(1)–(2) ....................................................................................................3

## INTRODUCTION

Plaintiffs' response brief ("Response") fails to show why their California statutory claims (Counts V and VI) or their negligent misrepresentation claims (Count IX) should survive Defendant FAGE USA Dairy Industry, Inc.'s ("FAGE") partial motion to dismiss.

In its opening brief, FAGE demonstrated that Plaintiffs did not adequately plead their newly added claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, which Plaintiffs inserted into the Second Amended Complaint ("SAC") without right or leave of Court. The Response concedes that Plaintiffs had no right under any rule or Court order to interject this claim, arguing instead that it was "reasonable" under the circumstances to include it. The SAC, however, is Plaintiffs' third bite at the apple and comes almost a year and a half after this suit was filed. The Court should not accept Plaintiffs' after-the-fact justification for granting themselves leave to add a new claim at this stage in the proceedings.

Nor have Plaintiffs shown that they adequately pled their UCL claim. Plaintiffs' Response argues that UCL claims are essentially immune from dismissal and ignores well-established pleading requirements, including the requirement that claims sounding in fraud must be pled under the more rigorous standard set forth in Fed. R. Civ. P. 9(b). Further, Plaintiffs' Response confirms that their UCL claims rest primarily on a misreading of Section 403(r) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 343(r)(1)(a).

With respect to Plaintiffs' claim under the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, Plaintiffs' Response concedes: (1) that there is a black-letter pre-suit notice requirement under the CLRA; and (2) that that they *did not follow* that requirement. Plaintiffs resort to arguing that the Court should not consider their admitted failure to comply with the CLRA simply because the issue was not explicitly raised in connection with the first motion to dismiss. But the prior Complaint asserted statutory and common law claims

under the laws of *more than fifty* jurisdictions, making it nearly impossible for the parties to address every unique procedural defense under the laws of every state. *See Vega v. State Univ. of N.Y. Bd. of Trs.*, No. 97 Civ. 5767(DLC), 2000 WL 381430, at *2 (S.D.N.Y. Apr. 13, 2000) (considering successive Rule 12 motion when "the first motion to dismiss was unable to address all of the appropriate issues" because of "the procedural complexity" of the case and the "tangle of legal theories created [by] . . . the pleadings").

As a backup, Plaintiffs argue that only the damages portion of their CLRA claim should be dismissed and that the CLRA claim should be allowed to proceed insofar as it seeks equitable relief. This argument is illusory, however, because restitution is also barred by Plaintiffs' failure to give pre-suit notice and the named Plaintiffs have no standing to seek only an injunction.

Finally, Plaintiffs' Response cannot overcome the fact that negligent misrepresentation claims, in this context, are a square peg in a round hole. Plaintiffs' allegations unquestionably focus on FAGE's alleged omissions and the *assumptions* that Plaintiffs allege might be made by class members. Such claims rest on the central premise that FAGE should be clearer about what its "FAGE Total 0%" packaging means. Under the laws of Florida, New Jersey, Pennsylvania, and California, negligent misrepresentation claims are either barred outright under such facts or require the same special fiduciary relationship between the parties that this Court has already concluded does not exist between FAGE and the class.

Accordingly, FAGE respectfully requests that the Court grant its Motion to Dismiss.

## ARGUMENT

### I.  Plaintiffs' UCL Claim (Count VI)

There are four issues before the Court with respect to Plaintiffs' UCL claim. The first issue is whether Plaintiffs had any right to add this new cause of action at this stage in the litigation without leave of Court. The second issue is whether Plaintiffs have adequately pled a

claim under the UCL's "fraud" prong, subject to pleading requirements under Rule 9(b).  The <u>third</u> issue is whether Plaintiffs can plausibly suggest that FAGE has violated Section 403(r) of the FDCA, on which Plaintiffs rest their claim under the "unlawful" and "unfair" prongs of the UCL.  The <u>fourth</u> issue is whether Plaintiffs have adequately pled reliance.

### A. Plaintiffs Admit They Had No Basis to Bring the UCL Claim in the SAC

Plaintiffs' Response offers no justifiable grounds for adding their UCL claim to the SAC. At this stage in the litigation, amendments to the complaint require either consent of the opposing party or leave of Court—neither of which Plaintiffs secured prior to inserting their UCL claim in the SAC.  Fed. R. Civ. P. 15(a)(1)–(2).  Although Plaintiffs point generally to the Court's order permitting Plaintiffs to file the SAC "as specified in this Memorandum and Order," they can point to nothing in the Court's order, itself, that could have provided them with leave to add a brand new claim.  (*See* Court Order dated 9/22/15, Dkt. 25 at 59.)

Although never explicitly requested, Plaintiffs' Response seems to ask the Court to forgive their improper filing and to grant them leave after the fact.  (*See* Pls.' Resp. Br. at 4.) The Court is well within its discretion to deny such a request and to treat Plaintiffs' UCL claim as being without legal effect.  *See In re Crazy Eddie Sec. Litig.*, 792 F. Supp. 197, 203–04 (E.D.N.Y. 1992) (treating amendment made without leave of Court as "without legal effect"). Plaintiffs, however, offer no justification for waiting nearly a year and a half from the time they originally filed their Complaint to bring their UCL claim.  *See Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) ("the Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay"); *see also United States v. West Prods., Ltd.*, No. 95 Civ. 1424, 1997 WL 668210, at *4 (S.D.N.Y. Oct. 27, 1997) (same); *Cnty. of Washington v. Cntys. of Warren & Washington Indus. Dev. Agency*, 177 F.R.D. 119,

3

123 (N.D.N.Y. 1998) (finding that a two-year passage of time "constitute[d] an undue delay" where "facts giving rise to the claim were known at the time of the original filing"). Plaintiffs' failure to explain their delay further justifies dismissal of their UCL claim.

### B. Plaintiffs Cannot Satisfy the Fraud Prong of the UCL

The Response argues, in a conclusory fashion, that the allegations pled in the SAC are sufficient to give rise to a UCL claim under the "fraud" prong of the statute. (*See* Pls.' Resp. Br. at 6.) But the Response fails to even mention or acknowledge the fact that such a claim must be pled with particularity under Rule 9(b), and Plaintiffs' allegations are woefully deficient under that standard. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that Rule 9(b)'s pleading requirements apply to UCL claims that sound in fraud). Under Rule 9(b), averments must be specific in nature and "accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting in part *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Here, Plaintiffs' UCL claim is pled in formulaic fashion with only vague information plugged in. (*See, e.g.*, SAC ¶ 151 ("Defendant violated the 'fraudulent' prong of the UCL by misleading Plaintiffs MENDEZ, MANIER, NEAL and JACKSON and the California Class to believe that the Products were healthier than they were and that by way of the Total 0% claim, the Products were of a nature and quality which they were not.").) Such allegations do not rise to the level of particularity required under Rule 9(b).[1]

---

[1] Additionally, because Plaintiffs have accused FAGE of fraud in connection with their UCL claim, the Court could readily find that Plaintiffs' UCL claim—under any of the prongs—sounds in fraud and should be treated under the Rule 9(b) pleading standard. Where a plaintiff alleges "a unified course of fraudulent conduct . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns*, 567 F.3d at 1125 (citing *Vess*, 317 F.3d at 1103–04).

4

### C. Plaintiffs Have Misconstrued the FDCA

The SAC alleges formulaically that FAGE is liable under both the "unlawful" and "unfair" prongs of the UCL because it has violated the FDCA and specifically Section 403(r) of the FDCA. (*See* SAC ¶¶ 149–50.) Although unclear on the face of the SAC, itself, Plaintiffs' Response argues that FAGE has violated the particular FDCA provision that prohibits companies from stating "the absence of a nutrient unless the nutrient is usually present in the food." (Pls.' Resp. Br. at 8 (citing 21 U.S.C. § 343(r)(1)(a)).) But Plaintiffs have misconstrued this provision and failed to plead facts reasonably suggesting that FAGE has violated this provision.

First, Section 403(r) does not even specifically address *misrepresentations* on food labels, but rather it governs *when* particular nutrition levels or health-related representations (accurate or not) may be made on food packaging. The particular provision relied upon by Plaintiffs prohibits companies from "stat[ing] the absence of a nutrient **unless**—*the nutrient is usually present in the food* or in a food which substitutes for the food as defined by the Secretary." 21 U.S.C. § 343(r)(2)(A)(ii) (emphasis added).[2] Under a plain reading of this provision, a food label *may* make representation as to the absence of a nutrient *if* it is a nutrient that is usually present in the food. Claims that would run afoul of this provision are claims that represent the absence of a nutrient for a particular brand, even though that nutrient would naturally be absent in the product anyway.[3] Companion FDA regulations bear out this reading by also requiring that manufacturers explicitly identify when the absence of a nutrient is attributable to the inherent nature of the food product rather than attributes of a specific brand. *See* 21 C.F.R. § 101.13(e).

---

[2] Another portion of this provision requires food labels to use "terms which are defined in regulations of the Secretary." *Id.* Plaintiffs, however, have not identified in their SAC or their Response any regulations they claim FAGE has violated.

[3] To use the example mentioned in FAGE's opening brief, it is like when a manufacturer claims that a bottle of water has no saturated fat even though saturated fat is not inherent in the product.

5

Because all of the nutrients that are the subject of Plaintiffs' allegations (calories, sugar, fat, carbohydrates, etc.) are usually found in yogurt products, there is no basis to suggest that FAGE has violated this provision of the FDCA. For these reasons, Plaintiffs have not adequately pled their UCL claim under the unfair and unlawful prongs and this claim should be dismissed.

### D. Plaintiffs Have Not Adequately Pled Reliance

The Response strings together snippets of allegations from the SAC that Plaintiffs argue are sufficient to show that they have pled actual reliance by the California named Plaintiffs on the alleged misrepresentations at issue. *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1088–89 (N.D. Cal. 2014) ("named plaintiffs [must] plead actual reliance on the misrepresentations at issue"). Plaintiffs, however, have not pointed to any allegations that the California named Plaintiffs *actually believed* at the time they were buying FAGE Total 0% yogurt that the "Total 0%" meant that such products had no caloric content (and based their purchases on that belief).[4] Plaintiffs' UCL claim should be dismissed on this basis.

## II. Plaintiffs' CLRA Claim (Count V)

Plaintiffs' Response concedes the fact that the CLRA requires a plaintiff to send the defendant a pre-suit notice of his CLRA claim and provide an opportunity to cure. *See* Cal. Civ. Code § 1782(a). The Response also concedes that failure to abide by this provision is grounds for dismissal of a CLRA claim insofar as the claim seeks damages. *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009). Finally, Plaintiffs concede as a factual matter that they *did not* comply with this provision. (Pls.' Resp. Br. at 11.)

Plaintiffs raise two arguments in response to FAGE's motion to dismiss the CLRA claim. First, Plaintiffs argue that the Court should not consider FAGE's motion to dismiss the CLRA

---

[4] Plaintiffs use artful pleading employing a double negative: "At the time of purchase, Plaintiff MENDEZ *did not know* that the term "Total 0%" *did not refer* to sugar, caloric content, carbohydrates, sodium or other content he deemed unhealthy." (SAC ¶ 23 (emphasis added).)

6

claim simply by virtue of the fact that it was not raised in FAGE's motion to dismiss the First Amended Complaint ("FAC"). Second, Plaintiffs argue that dismissal should be limited to the damages portion of their CLRA claim. Both arguments should be rejected.

### A. The Court Can Consider FAGE's Request to Dismiss the CLRA Claim

While true that this particular basis for dismissal was not briefed by the parties with respect to the motion to dismiss the FAC, there is no basis for the Court to delay ruling on this issue under the present circumstances. In the FAC, Plaintiffs brought Deceptive Trade Practices Claims under the laws of eight different states (including states for which there were no named Plaintiffs) and other claims under the laws of every jurisdiction in the United States. The Court correctly narrowed the universe of Plaintiffs' claims to a more manageable size.

Under such circumstances, it is reasonable for the Court to consider FAGE's motion, particularly because the merits are largely undisputed. *See Vega*, 2000 WL 381430, at *2; *see also Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 214 (E.D.N.Y. 2013) ("[T]he general prohibition against subsequent motions to dismiss has a number of exceptions. For instance, the plain language of the rule contemplates that successive motions to dismiss for failure to state a claim may be filed."); *In re Parmalat Sec. Litig.*, 497 F. Supp. 2d 526, 530 (S.D.N.Y. 2007) ("The plain language of the rule thus contemplates that successive motions to dismiss for failure to state a claim may be filed. Other courts in this district have reached the same conclusion."); *Dorchester Investors v. Peak Trends Trust*, No. 99 Civ. 4696, 2002 WL 272404, at *2–3 (S.D.N.Y. Feb. 26, 2002) ("District courts in the Second Circuit have held that successive motions to dismiss for failure to state a claim are not precluded by 12(h)(2) . . . .").

Plaintiffs' argument under Rule 12(g) is an unnecessary formality, particularly because FAGE would have every right to raise this argument again in a Rule 12(c) motion after answering Plaintiffs' SAC, because the defense of failure to state a claim cannot be waived.

7

*Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *see also Sharma v. Skaarup Ship Mgmt. Corp.*, 699 F. Supp. 440, 444 (S.D.N.Y. 1988) ("Rule 12 specifically allows for successive motions to dismiss for failure to state a claim."). For these reasons, the Court should consider the merits of FAGE's motion to dismiss the CLRA claim.

## B. All Monetary Relief Is Barred Under the CLRA by Virtue of Plaintiffs' Failure to Provide Pre-Suit Notice and Plaintiffs Lack Standing to Pursue Their CLRA Claim on Other Grounds

Plaintiffs contend that dismissal of their CLRA claim should be limited to the portion of their claim that seeks damages. (Pls.' Resp. Br. at 11.) Such an argument, however, overlooks that courts have found the CLRA pre-suit notice requirement to affect all requests for monetary relief, including requests for restitution. *See, e.g.*, *Cuevas v. United Brands Co.*, No. 11cv991, 2012 WL 760403, at *4 (S.D. Cal. Mar. 8, 2012) ("Plaintiff should have given notice prior to filing her original CLRA claim because her claim for the equitable relief of disgorgement or restitution was still a claim for damages."); *Oxina v. Lands' End. Inc.*, No. 14-cv-2577, 2015 WL 4272058, at *2 (S.D. Cal. June 19, 2015) (same). Accordingly, all portions of Plaintiffs' CLRA claim that seek any monetary relief should likewise be dismissed.

To the extent Plaintiffs want to proceed on a CLRA claim that seeks only an injunction, Plaintiffs lack standing because they cannot show that they are realistically threatened by a repetition of the alleged violation. *See, e.g.*, *Dabish v. Infinitelabs, LLC*, No. 13-cv-2048, 2014 WL 4658754, at *5–6 (S.D. Cal. Sept. 17, 2014) ("a plaintiff does not have standing to seek prospective injunctive relief against a manufacturer or seller engaging in false or misleading advertising unless there is a likelihood that the plaintiff would suffer future harm from the defendant's conduct."). Here, even if any of the named Plaintiffs were ever actually confused by FAGE's product packaging, they *now* unquestionably know what FAGE's product packaging refers to, as they are Plaintiffs to this action. Thus, Plaintiffs have no likelihood of suffering

future injury of the nature that they have alleged in the SAC. For these reasons, Plaintiffs' CLRA claim should be dismissed in its entirety.

### III.   Plaintiffs' Negligent Misrepresentation Claims (Count IX)

In a continuing effort to "plead the kitchen sink," Plaintiffs have persisted with negligent misrepresentation claims under the laws of four states (Florida, New Jersey, Pennsylvania, and California) after the Court dismissed such claims with respect to the vast majority of other jurisdictions. Such claims, however, are not consistent with the conduct alleged, as alluded to by the Court in its discussion of Plaintiffs' negligent misrepresentation claim under New York law.

Although the specifics of the standard vary by state, negligent misrepresentation claims generally require a plaintiff to show that the defendant owed a duty of care to the plaintiff and negligently made a false statement on which the Plaintiff justifiably relied. *Cohen v. Telsey*, Civ. No. 09-2033, 2009 WL 3747059, at *15 (D.N.J. Nov. 2, 2009); *Postel Indus., Inc. v. Abrams Grp. Constr., L.L.C.*, No. 6:11-CV-1179, 2012 WL 4194660, at *2 (M.D. Fla. Sept. 19, 2012); *State Coll. Area Sch. Dist. v. Royal Bank of Canada*, 825 F. Supp. 2d 573, 584 (M.D. Pa. 2011); *Friedman v. Merck & Co.*, 131 Cal. Rptr. 2d 885, 900 (Cal. Ct. App. 2003).[5] The duty of care that is owed to the Plaintiff may vary depending on whether the plaintiff alleges purely economic loss (as is the case here) and whether the statement made is one of omission. *Cnty. of Santa Clara v. Atl. Richfield Co.*, 40 Cal. Rptr. 3d 313, 335 (Cal. Ct. App. 2006); *J'Aire Corp. v. Gregory*, 598 P.2d 60, 63 (Cal. 1979) (requiring a "special relationship" to plead a negligence

---

[5] Many jurisdictions, including courts in Florida, Pennsylvania, and California, have applied the heightened Rule 9(b) pleading standard to negligent misrepresentation claims. *Postel Indus.*, 2012 WL 4194660, at *2; *Esposito v. I-Flow Corp.*, No. 10-CV-3883, 2011 WL 5041374, at *4 (E.D. Pa. Oct. 24, 2011); *Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 823 (N.D. Cal. 2011).

claim with only economic loss)[6]; *State Coll.*, 825 F. Supp. 2d at 592 (prohibiting negligent misrepresentation claims that rely on the assumptions of the plaintiff under Pennsylvania law).

Although Plaintiffs argue that they alleged in the SAC that FAGE made affirmative misstatements, there can be no question that the thrust of Plaintiffs' SAC is that FAGE has *omitted* information that has caused consumers to allegedly make false assumptions about the product. *See, e.g.*, *State Coll.*, 825 F. Supp. 2d at 592. Because (1) Plaintiffs' claims are based on a theory of omission; (2) Plaintiffs claim to have only suffered economic loss; and (3) FAGE has no special fiduciary relationship with Plaintiffs, the Court should dismiss all of Plaintiffs' remaining negligent misrepresentation claims under the laws of Florida, New Jersey, Pennsylvania, and California, as it did with respect to the other jurisdictions pled in the FAC.

## CONCLUSION

For the foregoing reasons, Counts V, VI, and IX of the SAC should be dismissed in their entirety pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

Dated: February 4, 2016

Respectfully submitted,

/s/Luke A. Connelly
Luke A. Connelly
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
lconnelly@winston.com

Kimball R. Anderson (*pro hac vice*)
Kevin P. McCormick (*pro hac vice*)
Thomas G. Weber (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600

---

[6] The Response fails to address California law, which bars Plaintiffs' negligence misrepresentation claim under the economic loss doctrine even if premised on affirmative statements. *Id.*


kanderson@winston.com
kmccormick@winston.com
tgweber@winston.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      The undersigned counsel for Defendant FAGE USA Dairy Industry Inc., hereby certifies that on this 4th day of February, 2016, the foregoing Reply in Support of its Motion to Dismiss was served by operation of the Court's CM/ECF system, and, pursuant to the parties' agreement, by e-mail to the following counsel:

                C.K. Lee
                Lee Litigation Group, PLLC
                30 East 39th Street, Second Floor
                New York, NY 10016
                (212) 465-1188

                /s/ Luke A. Connelly