# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:  212-465-1188
cklee@leelitigation.com

October 19, 2016

**VIA ECF**

Hon. Steven L. Tiscione, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Initial Conference for *Stoltz et al. v. FAGE USA Dairy Industry, Inc.*,
         Case No. 14-cv-3826-MKB-ST

Dear Judge Tiscione:

    We are counsel to Plaintiffs in the above-referenced action. We write to explain our opposition to Defendant's request to bifurcate the discovery process into class discovery and merits discovery. This is inefficient and inconsistent with *Wal-Mart Stores, Inc. v. Dukes*. There, the Supreme Court observed:

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule--that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc. We recognized in *Falcon* that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," 457 U.S., at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740, and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," *id.*, at 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740; see *id.*, at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 ("[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable"). **Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim**. That cannot be helped. "'[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action**.'" *Id.*, at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (quoting *Coopers & Lybrand* v. *Livesay*, 437 U.S. 463, 469, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978); some internal quotation marks omitted). Nor is there anything unusual about that consequence: **The necessity of touching aspects of the merits in order to resolve preliminary matters,** *e.g.*, **jurisdiction and venue, is a familiar feature of litigation**. See *Szabo* v. *Bridgeport Machines, Inc.*, 249 F.3d 672, 676-677 (CA7 2001) (Easterbrook, J.). [emphasis added]

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-52, 131 S. Ct. 2541, 2551-52 (2011)

Given that class certification questions are usually intermeshed with merits questions, Defendant's insistence that "Class Discovery" precede "Merits Discovery" is an attempt to create conditions under which *Plaintiffs would be unable to obtain the information they are required to obtain in order to prove that class certification is warranted*.

Numerous district courts have agreed with Plaintiffs' analysis. *See Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298 (S.D.N.Y. 2012) ("There is no doubt that *Dukes* has raised the bar that plaintiffs must clear in order to qualify for class certification. However, it does not, as Goldman Sachs suggests, militate in favor of bifurcating discovery prior to certification. On the contrary, if anything, *Dukes* illustrates the need to develop the record fully before a class motion is considered."); *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, No. 1674, 2011 U.S. Dist. LEXIS 107366, at *24 (W.D. Pa. Sep. 20, 2011) ("In formulating the plan for discovery the parties are advised that, in light of the United States Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*…, this court's class certification analysis may entail a preliminary inquiry into the merits… Accordingly, discovery will not be bifurcated."); *Johnson v. Flakeboard Am. Ltd.*, No. 4:11-2607-TLW-KDW, 2012 U.S. Dist. LEXIS 83702, at *16-17 (D.S.C. Mar. 26, 2012); ("The Supreme Court's decision in *Dukes* supports Plaintiffs' contention that discovery into the merits of the claim is necessary before entering findings of fact on whether Rule 23 standards have been met."); *In re Groupon Secs. Litig.*, No. 12 C 2450, 2014 U.S. Dist. LEXIS 26212, at *14 (N.D. Ill. Feb. 24, 2014) ("several courts have noted that bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery").

While the distinction between class certification and the merits is crucial from the standpoint of the Court's *evaluation* of a motion for class certification, it is entirely artificial with respect to the kind of *information* that must go into such a motion. And this artificiality promises to create nothing but needless cost, delay, and aggravation for all parties concerned, including the Court. For this reason, Plaintiffs respectfully ask the Court to deny Defendant's request to bifurcate the discovery process.

We thank Your Honor for considering our argument.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and the Class*


Cc: all parties via ECF